### THE STATE OF KANSAS v. J. C. WALTER.

CRIMINAL LAW; *Venue.* Where an offense is charged to have been done in a specific house on a certain lot and block "in the city of Ottawa, and county of Franklin," and against the peace and dignity of the state of Kansas, the venue is sufficiently alleged, although it is not alleged in any other way that the offense was committed in the state of Kansas.

### *Appeal from Franklin District Court.*

THE only question here is as to the sufficiency of a complaint, charging *Walter* with the unlawful selling of intoxicating liquors on Sunday. Upon a verdict of guilty being rendered, the district court, at the March Term 1874, arrested the judgment, and *The State* appeals.

*A. W. Benson,* county-attorney, for The State.

*Mason & Parkinson,* for the defendant.

The opinion of the court was delivered by

KINGMAN, C. J.: This was a prosecution for an alleged violation of the statute in selling intoxicating liquors on Sunday. The complaint was made and the case tried before a justice of the peace of Franklin county, and the defendant convicted. From this conviction he appealed to the district court, when on a trial by a jury he was again convicted. A motion was then made in arrest of judgment, which motion was sustained. From this decision an appeal is taken by the

state. A defect in the allegation as to venue, is the only ground on which the motion was sustained. The venue is laid thus in the margin: "State of Kansas, County of Franklin, City of Ottawa, ss." In the body of the complaint the particular lot, block, and house, in the city of Ottawa, and county of Franklin, where the offense was alleged to have been committed, are stated, but not the state, nor is there a reference to the venue laid in the margin; but the complaint alleges that the offense was committed "against the peace and dignity of the state of Kansas." Was this a defect? and if so, was it a fatal one, on motion in arrest of judgment? If so, it must be because of some absolute rule of law. For it is obvious that the accused could not have been misled or injured by it. From the complaint he must have known the exact location in the city of Ottawa and county of Franklin where the offense was alleged to have been committed. He could not have been more certain of the exact locality, had the name of the state been added to the venue in the body of the complaint. What then is the rule of law? Mr. Bishop lays it down thus: "It is customary in the United States to write the name of the state in the margin, in connection with the name of the county. But there is no need that the name of the state should appear, either in the margin or in any other part of the indictment." 1 Crim. Prac., § 106. The rule as thus stated is supported by the following cases: *The State v. Jordan*, 12 Texas, 205; *State v. Lane*, 4 Iredell, 113; *Com. v. Shaw*, 7 Metc., 52; *Com. v. Quinn*, 5 Gray, 478. In this case we need not go as far as these authorities justify, for the offense is alleged as against the peace and dignity of the state of Kansas, which could not well be true unless the offense was committed within the state. This court and all courts must judicially know that the county of Franklin is in the state of Kansas, because it is established by statute, and its boundaries fixed by law. If it be said that there may be other counties of the same name in other states, then the answer is, an offense committed in one of them is not against the peace and dignity of this

state.   We think the venue sufficiently appears, and the complaint is not defective on that ground.

The order of the district court arresting judgment is reversed, and the cause remanded for further proceedings.

All the Justices concurring.