CITY OF OLATHE V. E. W. ADAMS, *et al.*

FINDINGS AND VERDICTS, *in Criminal Actions; Twice in Jeopardy.* In a criminal prosecution where the defendant has pleaded "not guilty" to the charge, and where the case is submitted to the court, without a jury, for decision, upon an agreed statement of facts, and the court upon such agreed statement of facts "finds for the defendant," *held,* that such finding is equivalent to a finding or verdict of "not guilty," and is conclusive; and that this court cannot, on an appeal, either ignore said finding, or set it aside, although it may be ever so erroneous, and although the agreed statement of facts may clearly show that the defendant was guilty.

### *Appeal from Johnson District Court.*

ADAMS and another were charged before the police judge of the city of Olathe, on the oath of E. M. F., with having "kept open" their dramshop or saloon, in said city, "on the 4th day of July 1874," contrary to a certain ordinance passed and approved April 21st 1874. The defendants removed the case by appeal to the district court, where it was tried, at the November Term 1874, upon the following agreed facts:

"The plaintiff, the *City of Olathe,* is now and was at the time of the filing of the information in this cause a city of the second class, duly organized under and by virtue of the laws of the state of Kansas.

"On the 4th of July 1874, said defendants were the proprietors and keepers of a dramshop in a one-story frame building situated on lot No. 3, in block No. 51, in said city.

"On said 4th of July said defendants, *E. W. Adams* and *N. Julien,* kept their said dramshop open, and admitted divers persons to said dramshop, and transacted business in their line as such dramshop-keepers with the persons so admitted.

"On said 4th of July there was in force in said city an ordinance entitled 'An ordinance to regulate billiard-saloons, dramshops, ball alleys, and tippling-houses, in the city of Olathe, and repealing certain ordinances in conflict therewith,' passed and approved the 21st of April 1874.

"Said ordinance was duly passed and published as required by law, and was, so far as the passage and due publication of

the same is concerned, in full force and effect on the said 4th of July, and still remains unaltered and unrepealed.

"All facts necessary to warrant the court in finding the said defendants guilty, are hereby admitted, saving only 'the question as to *the authority of the said city* to pass the said ordinance."

On the trial, (says the bill of exceptions,) "the defendants by their attorneys, objected to the admission of said ordinance, on the ground, that it was and is in conflict with the laws of the state governing cities of the second class, which objection was, by the court sustained, and said ordinance was found, held, and adjudged by the court to be in conflict with the laws of the state, and said ordinance was ruled out." Other findings are copied into the opinion, *infra*. The defendants were discharged, and the city brings the case here by appeal.

*A. Smith Devenney*, and *John J. McKoin*, for the city:

The only question which we need consider is, as to the legal force of the ordinance for the violation of which the proceedings before the police judge were instituted; that is, whether under ch. 100 of the laws of 1872, page 192, "An act to incorporate cities of the second class," the legislature left it to the city council to fix the amount of fine to be imposed in case of conviction for violating an ordinance, the *maximum* not to exceed one hundred dollars; (§ 67, city-charter act of 1872, p. 212;) in other words, whether the city council could fix a *minimum* — or whether it was left by the city charter to the tribunal trying the cause to fix the amount of fine in each case at such sum as it should deem proper within the limits of the general law? By the ordinance in question the council fixed the *maximum* fine at the sum of $100, and *minimum* fine at $25. The council having established a fixed uniform penalty of one hundred dollars as the *greatest* fine to be imposed, and the sum of twenty-five dollars as the *least*, the district court held the ordinance *a nullity*. And yet the limitations fixed by the ordinance are precisely those prescribed by the dramshop act, Gen. Stat. 400, § 4.

We contend the ordinance was not void, being within the terms of the authority granted to the city of Olathe, by its charter. (Laws of 1872, pp. 211, 212, § 67.) This section authorizes the city council to prescribe "such fine, not exceeding one hundred dollars, or such imprisonment, not exceeding three months, or both *such fine* and imprisonment *as may be just for any one offense*," etc. Secs. 47 and 49 give the council *exclusive authority* to regulate dramshops, impose penalties, etc. The legislature have regulated the subject for the whole state as they deemed proper, and the city government have made such local regulations as they thought fit "for the good order and peace of the city." *City of Emporia v. Volmer*, 12 Kas. 630; 9 Ohio St. 441. If the general law of the state in relation to dramshops has no application to the case at bar, then we maintain that the sections of the charter referred to authorized the council to legislate in the manner it did by prescribing the *minimum* fine, and taking the power from the court trying the cause. Legislative power may be conferred on the city, and in such case the council becomes the legislative body of the city; and it is acting as such not less when establishing the *minimum* as when establishing the *maximum* of punishment: 24 Mich. 456; 38 Mo. 450. That the council had the power to establish the sum of twenty-five dollars as the minimum fine, we also refer to, Dillon on Corp. §§ 271, 278; 38 Ill. 274.

In Illinois, an ordinance was treated as wholly void because it fixed the minimum fine at *five* dollars, when the general law required it to be *three* dollars; 21 Ill. 205. Is not the *converse* of the proposition true? that is, is not the ordinance valid if state law is followed? In the case at bar, the ordinance in question *followed* the general law.

The opinion of the court was delivered by

VALENTINE, J.: This was a prosecution by the city of Olathe against E. W. Adams and N. Julien for keeping open a dramshop on the Fourth of July 1874, in violation of a city ordinance. The prosecution was commenced before the

26—15 KAS.

police judge. The defendants were there found guilty, and they then appealed to the district court. In the district court they were acquitted, and the city now appeals to this court. The city claims that the prosecution is in its nature a criminal action, (and we think the city is correct; *Neitzel v. City of Concordia*, 14 Kas. 446;) and therefore the city brings the case to this court by appeal, under § 283 of the criminal code, (Gen. Stat. 865,) instead of by petition in error, as is required in civil actions. For the purposes of this case therefore we shall assume (and probably correctly,) that this is a criminal action; that it is appealable to this court under the criminal code, and that it is governed by all the rules pertaining to other criminal actions, so far as such rules can be made applicable to this case. The facts of the case, so far as it is necessary to state them, are substantially as follows: A complaint was made on oath, and in writing, charging the defendants with the said offense. The defendants were arraigned upon the charge, and pleaded "not guilty." Trial was had in the district court, before the court, without a jury. The case was submitted to the court upon an agreed statement of facts; and for the purposes of this case, we shall assume that the facts showed that the defendants were guilty. "And," [as the record shows,] "the court having had the cause under advisement, and having duly considered the issues herein, and the said agreed statement of facts, and being well advised in the premises, finds for the defendants." This finding we think is equivalent to a verdict of "not guilty." And for the purposes of this case we shall assume that the finding is erroneous. The court then rendered judgment upon this finding for the defendants for costs, and discharged the defendants. The judgment was the only one that could have been rendered upon said finding. The city now appeals to this court, and asks to have said judgment reversed. Can it be done? If the judgment had not followed the finding, of course it could be reversed. (*The State v. Walter*, 14 Kas. 375.) Or, if this were a civil action we could ignore the finding of the court below, considering it merely as a conclusion

of law from the facts admitted; we could decide the case upon the agreed statement of facts, and could order the proper judgment to be rendered upon the facts agreed to. (*Brown v. Evans*, ante, 88.) But the case being in its nature a criminal action, we have not the same authority to ignore or overrule the finding of the court below. If we should merely set aside the judgment of the court below, the finding would still remain in all its force and vigor, and no other or different judgment could be rendered thereon. The finding would still require the same judgment as has already been rendered. And we know of no authority in this court, or in any other court, to set aside a verdict or finding of "not guilty," in a criminal action. We think it is the universal opinion, both of bench and bar, that a verdict of "not guilty," in a criminal action, ends the case. The defendant could not be tried a second time against his consent; for under § 10 of the Bill of Rights, (Const. of Kansas,) he cannot "be twice put in jeopardy for the same offense." Now, although the finding of the court below may be founded upon an erroneous view of the law, still we do not see how we can disturb it. The plea of the defendants was, "not guilty." The agreed facts showed them, as we have assumed, to be guilty. The court however found them not guilty; and with our understanding of criminal law, this finding is conclusive.

The judgment of the court below must therefore be affirmed.

All the Justices concurring.