THE STATE OF KANSAS V. JAMES CUMMERFORD.

1. OBSTRUCTING HIGHWAY; *When Owner of Land, Not Liable.* When the defendant owns a certain piece of land, and it is uncertain from the county records and otherwise whether any public road has ever been laid out across it, and such supposed road has never been opened by any competent authority, and there is but very little travel upon it, and the defendant believing that such road has no legal or valid existence, plows up the same along with his other land, and plants corn thereon, and also, for the purpose of protecting his crops, places posts across such road so as to obstruct the same, *held,* that such conduct on the part of the defendant does not render him guilty of *willfully* obstructing a public road, even if said road was legally laid out and established.

2. PARTIES; *No Day in Court, No Judgment.* The supreme court cannot order a judgment to be rendered against the prosecuting witness in a criminal prosecution where such prosecuting witness has not been brought before the supreme court, and has had no opportunity of being heard before such court.

*Appeal from Saline District Court.*

THE facts and proceedings in this case fully appear in the opinion.   Trial at the November Term 1875.   *The State* brings the case here on appeal.

*John Foster,* and *J. G. Mohler,* for The State.
*T. F. Garver,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced by information filed by the county-attorney of Saline county, November 3d 1875, charging that the defendant "on the 12th day of August 1875, in Saline county aforesaid, did unlawfully and willfully obstruct a public road, to-wit, a public road established by a statute of the state of Kansas, entitled, 'An act to establish certain state roads,' and subdivision 13 of section 2 of said statute, and which said statute was approved February 27th 1866, and that said public road was located on or about the 17th of November, 1866." The case was tried

before the court, without a jury. The court, by request, made special findings of fact and conclusions of law, and found as conclusions of law —

"1st, That the law mentioned in the information, and upon which the proceedings of the road in question are founded, is void.

"2d, That there is and was at the time mentioned in the information no public highway as therein alleged.

"3d, That the defendant is not guilty as charged."

The court then rendered judgment discharging the defendant. The state by its counsel then requested the court to tax the costs of the case to the prosecuting witness, which the court refused to do, and the court taxed the costs made by the state to the county. The state saved proper exceptions to all the rulings of the court below, and now brings the case to this court for review.

We suppose this action was prosecuted under § 17 of the road laws of 1874; (Laws of 1874, 171.) This section of the road law provides among other things, that any person who "shall *willfully* obstruct" any public road shall, on conviction, be adjudged guilty of a misdemeanor, and be punished by fine and imprisonment. Now, passing over all other questions, was the defendant guilty of *willfully* obstructing any public road? We think not. In the vicinity of said supposed road a large portion of the community have never believed that the road has ever had any legal or valid existence. They have believed that the act under which it was laid out was unconstitutional and void. They have believed that the road was never legally established under the act. And it is certain, that the road has never been opened by any competent authority. There are no public records anywhere sufficiently showing it to be a public road, and there has never been any considerable amount of travel upon it. The defendant owned the land when and where said supposed obstruction was created, and now owns the same. And believing that no legal public road ever existed in that place, he plowed up his land where said supposed road was located, along with his other land, and planted corn thereon. The

said supposed obstruction consisted of hard-wood posts, set in the ground across said road, four or five feet apart, and each extending about three feet above the ground. The defendant placed these posts there merely for the protection of his crops, and not with any intention, willfully or otherwise, of obstructing a public road. We therefore do not think that the defendant was guilty of *willfully* obstructing any public road.

The questions whether said act of the legislature is valid or not, and whether said road was legally laid out or not, are too important to be decided upon a slight investigation of the same; and it is not necessary to decide them in this case. Before deciding them we would prefer to have them elaborately argued before us. Even the question, whether the said conclusion of law of the court below, "that the defendant is not guilty as charged," is conclusive, or not, is a question of too much importance to be decided now and in this case. In this case the court below made special findings of fact, and this was only a conclusion of law from said facts, and therefore the case of the *City of Olathe v. Adams*, 15 Kas. 391, does not decide this question. In that case the only finding made by the trial court was a finding for the defendant.

The plaintiff also claims that the court below erred in rendering a judgment against the county for the costs of the case made by the state, and in not rendering judgment against the prosecuting witness for all the costs. Now this is a question in which the defendant is but very little interested; and the parties really interested in the question are not before the court. Before we can order a judgment to be rendered against the prosecuting witness for costs, we must have the prosecuting witness before us. *Ex parte Polster*, 10 Kas. 204; *Ferguson v. Smith*, 10 Kas. 394; *Hodgson v. Billson*, 11 Kas. 357. He should have an opportunity to be heard in this court.

The judgment of the court below will be affirmed.

All the Justices concurring.