## The City of Burlington v. Reuben James.

APPEAL FROM POLICE COURT; *When Error to File New Complaint.* Where a defendant is tried, convicted and sentenced before a police judge for the violation of a city ordinance, and the defendant then appeals to the district court, and there the original complaint is quashed, it is error for the district court then to permit a new and amended complaint to be filed in the district court and to allow the defendant to be tried, convicted and sentenced on this new complaint, against his objections.

### Appeal from Coffey District Court.

A FULL statement of the facts and proceedings will be found in the opinion. *James*, defendant, was convicted in the district court, at the May Term 1874, of an alleged violation of an ordinance of *The City of Burlington;* and from such conviction and judgment he appeals to this court.

*Silas Fearl*, and *Ruggles & Sterry*, for appellant.

*Wm. L. McConnell*, for The City of Burlington.

The opinion of the court was delivered by

VALENTINE, J.: The defendant, Reuben James, was charged before the police judge of the city of Burlington with violating a certain ordinance of said city prohibiting the keeping of billiard tables. He was tried, found guilty, and sentenced before said police judge, and then he appealed to the district court. In the district court he moved to quash the complaint, because, as he claimed, the same did "not set forth facts sufficient to constitute a public offense against the ordinance of the city of Burlington." The court sustained the the motion, to which the plaintiff excepted. The plaintiff then asked "leave of the court to file an amended complaint," which leave was granted, and an amended complaint was accordingly filed, to all of which the defendant excepted. This amended complaint stated several facts not contained in the original complaint. The defendant was then tried, convicted, and sentenced upon this amended complaint, to all which he duly objected and excepted. The defendant then brought the case to this court on appeal. The plaintiff moved in this court to dismiss the ·appeal, but the motion was overruled. It has been the practice to bring this class of cases to this court on appeal, and the supreme court has sustained such practice. (*Neitzel v. City of Concordia,* 14 Kas. 446, 448, and cases there cited; *City of Olathe v. Adams,* 15 Kas. 391, 394; *City of Leavenworth v. Booth,* 15 Kas. 627; *City of Salina v. Seitz,* 16 Kas. 143.) There is therefore nothing for this court now to do but to determine whether the district court committed any substantial error in any of its proceedings or not.

The first question arising in the case is, whether the court below erred in permitting the defendant to be tried, convicted and sentenced on an amended complaint, after the original complaint had been quashed for insufficiency. We know of no authority in the statutes or elsewhere permitting such a proceeding. In criminal cases brought by appeal

from a justice's court to the district court, new complaints may sometimes be filed. (Gen. Stat. 883, § 22.) But that is done by the express terms of a statute which does not cover this case even by implication. Criminal informations filed by the county attorney in the district court may sometimes be amended. (Gen. Stat. 832, § 72.) But this also is done by the express terms of a statute which does not come anywhere near reaching this case. And generally, in criminal cases as well as in civil cases, where the court has original jurisdiction of the subject-matter of the proceedings, the old proceedings may be dismissed and new ones instituted in the same court. But that is not this case. The district court has no original jurisdiction of this class of cases. This case is of course a criminal prosecution, or *quasi* criminal prosecution, (see cases above cited,) and is therefore governed by all of those general provisions of law which are applicable to all criminal cases. But it is not governed by any special provisions of law which are applicable only to particular cases, unless this is one of those particular cases. This class of cases is prosecuted in the name of the city, and not in the name of the state, as other criminal prosecutions are. It is prosecuted for the violation of a city ordinance, and not for the violation of any of the general laws of the state, as other criminal prosecutions are. And no court except that of the police judge has any original jurisdiction of the prosecution, while in other criminal cases the prosecutions are commenced either in a justice's court or in the district court. This kind of prosecution can be instituted nowhere except before the police judge; and if it be taken from him to the district court on appeal, the district court can get nothing except what the police judge had before him. There is no provision of law, statutory or otherwise, for enlarging or diminishing the prosecution on appeal. And there is no provision of law for changing or modifying it in such a case in the slightest respect whatever. The proceedings must be prosecuted upon the complaint filed with the police judge, or not at all. If the city has made a mistake in its prosecution, the

only remedy is to dismiss its action, and commence anew in its own court.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.