## THE STATE OF KANSAS v. J. A. CROSBY.

CRIMINAL LAW; *Verdict of Not Guilty; Twice in Jeopardy.* In a criminal prosecution, where the defendant has pleaded "not guilty" to the charge, and where the case is submitted to a jury, and a verdict of not guilty is rendered, and the court enters judgment that the defendant be discharged and go hence without day, such verdict and judgment are conclusive, and this court cannot on an appeal set aside or reverse the verdict or judgment.

*Appeal from Bourbon District Court.*

THE defendant *Crosby* was charged by information with the crime of embezzlement. The information alleged that—

"The said *J. A. Crosby*, in July 1875, being then the agent and in the employ of the Howe Machine Company, and being over sixteen years of age, and having in his possession, as agent of said Howe Machine Company, a great

number of notes and accounts for collection, said notes and accounts being the property of said Howe Machine Company, did, by virtue of his said employment, and while so employed as said agent, collect, receive, and take into his possession, as such agent for said Howe Machine Company, $131.50, lawful money of the United States, over and above all fees as attorney, charges as agent, or stipulated commissions for making said collections of said money for said company, said Howe Machine Company being a corporation duly incorporated under and by virtue of the laws of Connecticut, and doing business in the state of Kansas, and that said *Crosby*, so having said moneys in his possession, at the county of Bourbon, on the 15th of April 1876, did refuse and neglect, upon demand then and there made by said Howe Machine Company upon him the said *Crosby*, he being then and there the agent of said company, to deliver and pay over to said Howe Machine Company the said moneys so collected as aforesaid, and he the said *Crosby*, not having lost the said money by means beyond his control before he had opportunity to make delivery thereof to said Howe Machine Company, his employers, nor having been permitted by said Howe Machine Company his employers to use the same, did then and there feloniously embezzle and convert to his own use, without the consent of said Howe Machine Company, his employers, the said sum of $131.50, lawful money of the United States, of the money, goods and chattels of the said Howe Machine Company, and of the value of $131.50, contrary," etc.

Arraignment and trial at the May Term 1876. Defendant pleaded not guilty. He then moved for a continuance, and filed his affidavit in support of such motion. The motion was denied. On the trial, the county attorney, to sustain the averments of the information, offered in evidence first, what was claimed by the state to be the charter of said Howe machine company, incorporating it under and by virtue of the laws of the state of Connecticut, the paper presented being partly in writing and partly printed, and purporting to be an act of the legislature of said state incorporating said company. The said paper or act fills eight written pages, and is authenticated by the certificate of the secretary of state, and the great seal of Connecticut. The certificate, omitting head-

ing, date, etc., is in these words: "I hereby certify that the foregoing is a true copy of record in this office." *Crosby* objected to the introduction of said paper, on the grounds, first, that it was incompetent by reason of the defective and insufficient certificate of the secretary of state attached thereto; and second, that the paper was not shown to be a copy of the original act. These objections were sustained, and *The State* duly excepted, and reserved the point. ·One Thos. M. Cochrane was then produced as a witness by *The State*, and testified that he was the general manager of the Howe Machine Company at St. Louis, Missouri, and had been since May 1872, and that he had a general knowledge of said company, and was also acquainted with its general reputation. Questions were then put to the witness for the purpose of proving the *de facto* existence of said corporation, and for the purpose of proving its existence by general reputation. *Crosby* objected to each and all of these questions upon the grounds, "first, that the existence of a private foreign corporation cannot be proved in a criminal cause by the parol testimony of a witness as to its existence or non-existence; second, the questions propounded require the witness to state a legal conclusion, and demand of the witness to determine a question which is wholly a question to be determined by the court and the jury trying the cause; and third, because the answer demands secondary evidence of the existence of a fact which (if such fact exists in law at all) can and must be proved by higher and better evidence." These objections were sustained, and exceptions were duly taken and the point reserved by *The State*. The prosecution then offered in evidence the affidavit of *Crosby* filed for the purpose of obtaining a continuance of the case, the object of the state being (as alleged) to prove the incorporation of the Howe Machine Company by the admissions in said affidavit. The affidavit is very long. Among many other statements it contains the following:

"Affiant further states, that his defense in this action rests upon the proper and rightful settlement of a long and very large business transaction between the Howe Sewing Machine Company and this defendant, running back for a

period of nearly three years, involving the settlement of the entire business between said corporation and this defendant, amounting to probably $25,000. * * * Affiant further states, that it is necessary for him to look up, and get into his hands ready for use in this trial, many letters and written statements from said Howe Sewing Machine corporation, which this affiant cannot readily place his hands upon at this time, but which this affiant states that he has among his papers and other documents, which said letters, papers, etc., will when produced abundantly show that the pretended charge of embezzlement with which this defendant now stands charged is wholly and totally false. Affiant further states that said papers, letters and communications which he has and which he received by due course of mail from said Howe Sewing Machine corporation, will show that, instead of his embezzling the sum charged in the information, or any other sum, said Howe Sewing Machine corporation is justly indebted to this affiant in the sum of $500 over and above all rightful claims of said Machine corporation."

The defendant objected to the introduction of said affidavit upon the grounds, "first, that the same was incompetent, immaterial, and irrelevant; second, there is no admission in said affidavit that the Howe Machine Company is duly incorporated as a corporation under and by virtue of the laws of the state of Connecticut; third, the due and legal existence of such company as a corporation, if in fact it exists as such, can be proved by other, better, and higher testimony than said affidavit; fourth, the existence of such company is a question of law, and not of fact; and fifth, that it is sought by the introduction of said affidavit to make the defendant a witness against himself against his consent." The court sustained said objections, and The State duly excepted and reserved the point.

At this point of the trial the county attorney announced that The State had in its power no other or further evidence tending to show the incorporation of said Howe Machine Company, and announced to the court and defendant that it reserved the foregoing questions for the purpose of appealing from the rulings of the district court to the supreme court. The jury returned a verdict of "not guilty," and the court

rendered a judgment of acquittal. *The State* caused a bill of exceptions to be duly settled, and now brings its three "reserved questions" here, as upon appeal, for review.

*Eugene F. Ware,* for The State:

1. The certificate of the secretary of state of the state of Connecticut was sufficient, and the authentication complete. 19 Abbott's Pr. Rep. 416; 5 Rand. 126; 11 Wheat. 392; 1 Greenl. Ev., §§ 480, 500; 28 Mich. 481.

2. In criminal cases the *de facto* existence of a corporation may be proven by verbal testimony, and by evidence of general reputation: § 214 of Crim. Code, Gen. Stat. 854; 28 Ind. 321; 29 Cal. 257; 32 Cal. 160; 65 N. C. 313; 2 Wharton's Am. Cr. Law, § 1828; 2 Bish. Cr. Proc., § 752.

3. The defendant's affidavit was admissible. The objections raised against it do not reach the case. The affidavit admits the corporation, refers to it in connection with the property embezzled, and leaves it beyond all doubt that the defendant had dealt with it as a corporation, and believed it to be a corporation. It was offered to prove defendant's *admission of a fact,* and not as a *confession of guilt;* and as his *admission* of such fact, it was competent; 1 Greenl. Ev., §§ 170, 194, 213. When Crosby swore that he had settled with said corporation for said property, he thereby *admitted* the ownership as laid in the information, and such admission was *sufficient proof of such ownership.* The district court seemed by its rulings to regard the incorporation of the "Howe Machine Company" as the *gravamen of the defendant's crime!* This we think was error. The incorporation of said company might have been a crime on the part of the Connecticut legislature, but it was no part of the crime of which defendant was charged in the information.

The opinion of the court was delivered by

HORTON, C. J.: The decisions of this court in the cases of *The State v. Carmichael,* 3 Kas. 102, and *City of Olathe v. Adams,* 15 Kas. 391, are decisive of the questions presented by the appellant. We repeat, what we have heretofore de-

cided, "We know of no authority in this court or in any other court, to set aside a verdict or finding of 'not guilty,' in a criminal action. We think it is the universal opinion, both of bench and bar, that a verdict of 'not guilty' in a criminal action ends the case." The counsel representing the appellant have not called our attention to any authorities tending to show that the verdict and judgment rendered in this case are not conclusive.*

The judgment of the court below must therefore be affirmed.

All the Justices concurring.

[*SINCE this opinion was filed, counsel for The State has called the reporter's attention to the record and to the brief as filed, to show that it was not supposed or claimed by him, nor on the part of The State, that the defendant could be again tried, even if the supreme court should hold that the trial court erred in ruling out the testimony. Counsel refers to §§ 283 and 288 of the criminal code, and suggests that the record in this case was prepared expressly by the counsel on both sides, and by the trial court, to present to the supreme court for review the three questions reserved, (see statement of case, in the text, supra,) "that such questions might be settled, but without a thought that, where there was a verdict and judgment of acquittal, the defendant could be again tried for the same offense." The two sections referred to by counsel are as follows:

"SEC. 283. Appeals to the supreme court may be taken by the state in the following cases, and no other: First, Upon a judgment for the defendant, on quashing or setting aside an indictment or information. Second, Upon an order of the court arresting the judgment. Third, Upon a question reserved by the state.

"SEC. 288. In case of an appeal from a question reserved on the part of the state, it is not necessary for the clerk of the court below to certify, in the transcript, any part of the proceedings and record, except the bill of exceptions and the judgment of acquittal." (Gen. Stat. pp. 865, 866.)

Query: Is not the fault in the statute? and did not the supreme court decide the only question properly before it? In other words, does not the statute, in the third clause of § 283, undertake to do what the legislature had no power to do—that is, to give the state an appeal where the defendant has upon trial been found not guilty, and acquitted? Counsel for the state says he does not contend that Crosby could be tried again—he does not deny "that the verdict and judgment are conclusive." What question, then— conceding (what it would seem will scarcely be controverted) that the trial court erred in its second and third rulings—had the supreme court before them to decide? The judgment of acquittal being conclusive, (once in jeopardy, § 10 of bill of rights,) the defendant, being acquitted, being discharged without day, has no further interest in the case, nor in any question raised and passed upon by the trial court, whether such court decided correctly or not, or whether the state "reserves" such question, or not. So far as the defendant is concerned, the judgment being final as to him, there is nothing from which the state can appeal. The defendant is no longer a party to any controverted question. He has nothing to settle, by an appeal by the state—no right or interest to be affected by any settlement or decision so made. He is not a necessary or proper party, either as appellee, or as defendant in error. How then can "reserved questions" in such cases be brought here as upon "appeal by the state?" So much of the statute as attempts to authorize such appeal, must be void. The supposed "appeal" is only an ex parte proceeding, (original in its nature,) by which the state in effect presents to the supreme court, not an action, or cause—not a controversy between the state and another party—but original questions. Calling this proceeding an "appeal," does not make it so. And as the supreme court, with respect to such questions, has, not original, but appellate jurisdiction only, (const., art. 3, § 3,) it would seem that it has no power or authority to review questions presented as were the questions in this case, where the record shows a final judgment of acquittal. Of course, appeals may be taken by the state under the first and second clauses of said § 283.—REPORTER.]