THE CITY OF BURLINGTON v. JOHN STOCKWELL.
No. 10111.

COURT OF APPEALS—*Jurisdiction—Misdemeanor.* A judgment of the district court imposing upon the defendant a fine and costs for the violation of a city ordinance is a conviction for a misdemeanor, within the meaning of section 9 of chapter 96, Laws of 1895, conferring jurisdiction upon the courts of appeals.

*Appeal from Coffey District Court.*

JOHN STOCKWELL was convicted of violating an ordinance of the city of Burlington, and appealed to this court. The opinion herein, filed December 7, 1895, contains a sufficient statement of the case.

*G. E. Manchester*, for appellant.

*S. D. Weaver*, for appellee.

The opinion of the court was delivered by

MARTIN, C. J. : The defendant was convicted in the police court of the city of Burlington under an ordinance for keeping swine within the city in such a manner as to constitute a nuisance. He appealed to the district court, and was again convicted, and was adjudged to pay a fine of $5 and the costs of prosecution, taxed at $117.38. He then appealed to this court. Soon after the creation of the courts of appeals, the case was certified to the court for the Southern department, Eastern division. Afterward, on August 6, 1895, that court returned the case here, holding that it had no jurisdiction. (1 Kan. App. 414; 41 Pac. Rep. 221.)

Section 9 of the act creating the courts of appeals, being chapter 96, Laws of 1895, conferred upon them exclusive jurisdiction "in all cases of appeal from convictions for misdemeanor in the district and other

courts of record." We think that the word "misdemeanor" was here used by the legislature in its general sense, and not in the particular one employed in classifying offenses under the laws of the state in article 1 of the code of criminal procedure. Bouvier says this term is used to express every offense inferior to felony punishable by indictment or by particular described proceedings; and Blackstone says that in common usage the word "crime" is made to denote offenses of a deeper and more atrocious dye, while small faults and omissions of less consequence are comprised under the gentler name of "misdemeanors." Violations of valid city ordinances are certainly offenses, although the laws of the state do not directly prescribe a punishment which is a requirement of the definition of that word in section 2 of the criminal code. These offenses against a city are not crimes or felonies, but are commonly classed as misdemeanors, and the procedure for the enforcement of city ordinances is criminal in its nature. A review must be sought by the defendant by appeal. A finding in his favor ends the case, as to him, beyond the right of appeal by the city, and the other incidents of a criminal trial usually follow. (*City of Burlington v. James*, 17 Kan. 221, 222, and cases cited; *In re Rolfs*, 30 id. 758, 761.)

A main purpose of the creation of the courts of appeals was to aid in the disposition of the cases brought up from the lower courts for review, which had accumulated to an extent disproportioned to the working capacity of the existing judicial force. Those parts of the act conferring jurisdiction on these new tribunals ought, therefore, to be construed liberally, with a view to promote the object in view. From the general tenor of the act as to criminal cases, it seems

14—56 KAS.

manifest that the legislature intended to leave for this court only felonies and appeals taken by the state.

This case will therefore be recertified to the proper court of appeals.

All the Justices concurring.