THE CITY OF LYONS v. A. E. WELLMAN.

No. 10418.

CITY ORDINANCE — *Violation — Appeal by City.* In a city prosecution appealed to the district court, where the defendant is discharged, an appeal does not lie in behalf of the city or in the name of the state.

*Appeal from Rice District Court.*

A. E. WELLMAN was discharged on a complaint for drunkenness, and the city appeals. The opinion states the facts.

*J. W. Brinckerhoff,* for appellant.

*Samuel Jones,* and *C. F. Foley,* for appellee.

The opinion of the court was delivered by

MARTIN, C. J. : The defendant, a resident of Topeka, Kan., was in the city of Lyons November 4, 1894, and for two or three days thereafter, when he returned to Topeka. About two weeks afterward a subpœna, in a criminal case pending before a justice of the peace at Lyons, was served upon him at Topeka, and in obedience thereto he went to Lyons to testify as a witness. Soon after his arrival there he was arrested on a warrant from the police judge charging him with being drunk in a street of the city of Lyons on November 4, 1894, such being an offense under an ordinance of the city. The complaint was filed and the warrant issued while the defendant was in the city as a witness in said criminal case. He was found guilty, and was fined in the police court, but he appealed to the district court, where his plea to the jurisdiction was sustained and he was discharged, the court holding that he was privileged from arrest on said charge while in attendance as a witness in the criminal case in obedi-

ence to subpœna. The city excepted to the ruling of the court, and thereupon the city attorney stated to the court that "the state would reserve the question," and the case is now here for disposition by this court. A motion is made to dismiss the appeal for want of jurisdiction. Drunkenness in a street or highway is a public offense, (¶ 2519, Gen. Stat. 1889,) and when prosecuted in the police court of the city the proceeding is in its nature criminal ; but even the right of the state to appeal in criminal cases is quite limited, as was observed in *City of Salina v. Wait*, just decided. See, also, *The State v. Crosby*, 17 Kan. 396, 401. In *Junction City v. Keeffe*, 40 Kan. 275, a decision of the commission, it appears to have been assumed that the city was identical with the state in such prosecutions, and the court seems to have overlooked the distinction. We have no disposition to question the authority of that case as applied to prosecutions instituted and carried on by the state ; but to say that, without any statutory provision authorizing the city to appeal, it may do so in the name of the state, under sections 283, 288, of the criminal code, is much in the nature of judicial legislation. An appeal may be taken by a defendant in a criminal case "from any judgment against him," (Crim. Code, § 281,) but the state has a right of appeal only under section 283 of the criminal code, and no legislative provision whatever is made for an appeal by a city in any prosecution under its ordinances.

The motion to dismiss must be sustained.

All the Justices concurring.