The Honorable Tim Carmody State Representative, 16th District State Capitol, Room 115-S Topeka, Kansas 66612
Dear Representative Carmody:
You request our opinion concerning whether a juvenile may be prosecuted in municipal court when charged with a violation of a municipal ordinance that does not have a statutory counterpart. The examples you provide include ordinances regarding curfew violations, defacing property, and riding a bicycle on a sidewalk. The Kansas Municipal Court Manual states that municipal courts have no jurisdiction over juveniles charged with non-traffic ordinance violations and that such complaints should be dismissed and referred to the district court for prosecution under the Juvenile Offender Code (Code). (See section 3.06 of the Kansas Municipal Court Manual.)
The Code applies only to "juvenile offenders." K.S.A. 38-1604. K.S.A. 1996 Supp. 38-1602(b) defines "juvenile offender", in part, as follows:
 "(a) `Juvenile' means a person 10 or more years of age but less than 18 years of age.
 "(b) `Juvenile offender' means a person who does an act while a juvenile which if done by an adult would constitute the commission of a felony or misdemeanor as defined by K.S.A. 21-3105 . . . but does not include:
 "(1) A person 14 or more years of age who commits a traffic offense, as defined in subsection (d) of K.S.A. 8-2117 . . . [a traffic offense includes most city traffic ordinances.]" (Emphasis added).
K.S.A. 1996 Supp. 21-3105 provides, in part as follows:
 "A crime is an act or omission defined by law and for which, upon conviction, a sentence of death, imprisonment or fine, or both imprisonment and fine, is authorized . . . Crimes are classified as felonies, misdemeanors and traffic infractions.
 "(1) A felony is a crime punishable by death or imprisonment in any state correctional institution or a crime which is defined as a felony by law.
. . . .
"(4) All other crimes are misdemeanors." (Emphasis added).
The enactment of the Kansas Criminal Code does not preempt a city from enacting ordinances defining and penalizing criminal conduct provided the ordinance does not conflict with a state statute. Garten EnterprisesInc. v. City of Kansas City, 219 Kan. 620 (1976); City of Junction Cityv. Lee, 216 Kan. 495 (1975). Some municipal ordinances mirror criminal statutes by prohibiting the same criminal behavior. Examples of this type of ordinance include those prohibiting theft, prostitution, and battery. However, the majority of ordinances have no criminal statutory counterpart. Examples of this type of ordinance include those dealing with curfew and graffiti. Initially, we must determine whether the conduct prohibited by this second type of ordinance are "acts . . . that would constitute the commission of a felony or misdemeanor as defined by K.S.A. 21-3105." If so, then a juvenile who engages in such conduct may be a juvenile offender subject to the Juvenile Offender Code and exclusive jurisdiction of the district court.
Both felonies and misdemeanors are defined as "crimes" in K.S.A. 1996 Supp. 21-3105 and a crime is an act that is "defined by law" and which carries a penalty. Does "law" as used in this statute mean only state statutes or does the term encompass municipal ordinances as well? If the term includes both statutes and municipal ordinances, then a juvenile who violates a penal ordinance has committed a "crime" pursuant to K.S.A. 1996 Supp. 21-3105 and may be subject to the Juvenile Offender Code. If the term refers only to state statutes, then a juvenile who violates a penal ordinance that proscribes an act that is not prohibited by state law has not committed a "crime" pursuant to K.S.A. 1996 Supp. 21-3105 and is not subject to the Juvenile Offender Code.
An ordinance of a municipal corporation is a local law. 56 Am.Jur.2dMunicipal Corporations § 343. There is a difference of opinion, however, whether ordinances are "laws" within the meaning of statutory or constitutional provisions. 56 Am.Jur.2d Municipal Corporations §§ 343, 345. In United States Fidelity and Guarantee v. Guenther, 281 U.S. 34,50 S.Ct. 165, 74 L.Ed. 683 (1930), the United States Supreme Court construed an accident insurance policy that excluded coverage of an insured when the insured's automobile was being operated by a person under the age limit "fixed by law" and concluded that such law included a municipal ordinance that prohibited an automobile owner from permitting a minor under 18 years of age to operate the automobile. In that case, the Court concluded that the term "law" could be used in its generic sense as meaning the rules of conduct prescribed by a controlling authority and having binding legal force which could include a municipal ordinance as well as a statute.
While there are no Kansas appellate court decisions on point, the consensus appears to be that whether a municipal ordinance is a law depends upon the intent of the statute. In In re Hurston, 112 Kan. 238, 234 (1922), the Kansas Supreme Court concluded that a statute that provided for incarceration in the State Industrial Farm for Women upon conviction of any offense "against the criminal laws of this state" did not include city ordinance violations. In In re Sanford, 117 Kan. 750
(1925), the Court determined that a violation of an ordinance did not constitute a "misdemeanor involving moral turpitude" for purposes of disbarring an attorney. Finally, in City of Burlington v. Stockwell,1 Kan. App. 414 (1895), the newly created Kansas Court of Appeals held that a violation of a city ordinance was not a misdemeanor for purposes of determining the jurisdiction of the newly created Court of Appeals. [However, on appeal to the Kansas Supreme Court, the latter concluded that the Kansas Court of Appeals did have jurisdiction over such appeals because the Legislature was using the term "misdemeanor" in its general sense as opposed to the more specific definition under the Code of Criminal Procedure. City of Burlington v. Stockwell, 56 Kan. 208
(1895)].
The predecessor statute to K.S.A. 1996 Supp. 21-3105 used the term "public offense" rather than "crime." K.S.A. 62-104, 62-105 [Repealed L. 1969, ch. 180]. A public offense was defined as "any act. . .for which the laws of this state prescribe a punishment." When the criminal code was revised in 1969, the term "crime" replaced "public offense" and was defined simply as an act "defined by law." We could find no legislative history or Kansas appellate decisions that support an expansion of the term "law" as used in K.S.A. 1996 Supp. 21-3105 to include municipal ordinances.
We think that the better interpretation of "defined by law" as used in K.S.A. 1996 Supp. 21-3105 means only those laws enacted by the egislature. Consequently, a juvenile who violates a penal ordinance that proscribes conduct that is not prohibited by statute such as a curfew violation has not committed an act that would constitute a felony or misdemeanor as defined by K.S.A. 1996 Supp. 21-3105 and may be prosecuted in municipal court.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm