THE CITY OF BURLINGTON v. JOHN STOCKWELL.

CITY ORDINANCE — *Violation—Misdemeanor.* The violation of a penal city ordinance is not a misdemeanor, as defined by the statutes of Kansas.

MEMORANDUM.—Appeal from Coffey district court; WILLIAM A. RANDOLPH, judge. John Stockwell was convicted of the violation of a certain city ordinance, and appeals to this court. Transferred to the supreme court. The opinion herein, filed August 6, 1895, contains a sufficient statement of the case.

*G. E. Manchester*, for appellant.

*S. D. Weaver*, and *E. J. Crego*, for the city.

The opinion of the court was delivered by

DENNISON, J.: In this case the defendant, John Stockwell, was convicted and adjudged to pay a fine for the violation of a penal city ordinance before the police court of the city of Burlington, and appealed to the district court of Coffey county, Kansas. He was convicted and sentenced in the district court, and appealed the case to the supreme court, and the case was by the supreme court certified down to this court.

Before proceeding to an examination of the merits of this case, we must consider the question of jurisdiction. Whatever jurisdiction this court has was conferred upon it by § 9 of chapter 96 of the Laws of 1895. The only criminal jurisdiction conferred upon this court by that section is contained in the following sentence: "They shall also have exclusive jurisdiction as now allowed by law in all cases of appeal from convictions for misdemeanor in the district and other courts of record." Except for the peculiar

wording of our statute defining a public offense and a misdemeanor, a violation of a penal city ordinance would be a public offense, and embraced in the definition of misdemeanors. The General Statutes of 1889 define public offenses and misdemeanors as follows :

Par. 5065. "A public offense, within the meaning of this or any other statute, is an act or omission for which the laws of this state prescribe a punishment.

Par. 5066. "Public offenses are divided into felonies and misdemeanors.

Par. 5067. "A felony is an offense punishable by death, or confinement and hard labor in the penitentiary.

Par. 5068. "All other public offenses are misdemeanors.

Par. 5069. "Any person charged with the commission of a public offense shall be liable to be arrested, and proceeded against in the manner hereinafter provided."

Applying these definitions to the violation of a penal city ordinance, it seems clear that the violation is not a misdemeanor. The laws of this state provide for the creation of cities, empower the authorities to pass ordinances and to provide punishment for their violation ; but the laws of this state do not prescribe a punishment for the violation of a city ordinance, and hence it does not come under the statutory definition of a public offense. Neither is a person charged with the violation of a penal city ordinance liable to be arrested and proceeded against as provided in ¶ 5069, *supra*.

This case is an appeal from the district court of Coffey county, Kansas, and through the instrumentality of the supreme court, or the clerk thereof, has been sent to this court for review. Section 10 of chapter 96 of the Laws of 1895 directs this court, when a case is improperly sent from a lower court to

the court of appeals, to order the transfer of the same to the supreme court by its clerk, "who shall at once send the same to the clerk of the supreme court, accompanied by a copy of said order."

For the reasons above stated, this court holds that the violation of a penal city ordinance is not a misdemeanor as defined by the statutes of Kansas, and hence this court has no jurisdiction in this appeal, and, being without jurisdiction, must decline to consider the questions raised. The clerk of this court is hereby ordered to transfer this case to the supreme court.

All the Judges concurring.