No. 20,326.

THE STATE OF KANSAS, *Appellant*, v. W. M. MARKS, *Appellee.*

SYLLABUS BY THE COURT.

LIQUOR LAW—*"Persistent Violator"—Former Conviction under City Ordinance.* The former conviction for a violation of the prohibitory law which must be pleaded in an information charging a felony for the persistent violation of the prohibitory law relates to a conviction under the state law and not to a conviction under a city ordinance.

Appeal from Bourbon district court; CHARLES E. HULETT, judge. Opinion filed January 8, 1916. Affirmed.

*S. M. Brewster,* attorney-general, and *James G. Sheppard,* county attorney, for the appellant.

*Hubert Lardner,* and *J. B. Connolly,* both of Fort Scott, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal by the state from a judgment of the district court of Bourbon county which sustained a motion to quash an information in which the defendant was charged with being a persistent violator of the prohibitory law under chapter 165 of the Laws of 1911. It was alleged that the defendant had been convicted in the police court of the city of Fort Scott of unlawfully selling intoxicating liquors "within said county and state, and since the date of said conviction, to wit: on or about April 29th, 1915, the said W. M. Marks then and there being, did then and there unlawfully sell and barter malt, vinous, fermented, spirituous and other intoxicating liquors within said county and state, and did then and there persistently and unlawfully violate the prohibitory liquor law of said state. Contrary to the form of the statute," etc.

The state seeks an interpretation of chapter 165 of the Laws of 1911. The statute reads: .

"SECTION 1. Any person or persons who having once been duly convicted of the violations of the prohibitory liquor law and who shall thereafter directly or indirectly violate the provisions of the prohibitory

The State v. Marks.

liquor law shall be considered a persistent violator of the prohibitory liquor law and shall be deemed guilty of a felony, and upon conviction thereof shall be imprisoned in the state penitentiary at hard labor for not more than one year."

The police court of the city of Fort Scott only has jurisdiction of breaches of the city ordinances. It does not have jurisdiction of offenses against the state law. The courts which have jurisdiction over breaches of the penal laws of the state are those of the justices of the peace, the city courts where such courts have been created in the larger cities of the state, and the district courts. Cities are given authority to make ordinances for the suppression of the liquor traffic, and wherever such ordinances are enacted they must be in harmony with the state law. But offenders in police court are punished, not for breach of the state law, but for violation of the city ordinance.

Penal statutes must be construed strictly, not out of consideration for offenders but for the protection of well-meaning and law-abiding citizens. This rule of interpretation in never questioned. It will be noted that the statute makes a class of all persons who have once been duly convicted of violations of the prohibitory law. This means the state law and not the city ordinance. The violation of a city ordinance, no matter if the ordinance is designed to correct and suppress the same evil, is not strictly a violation of the state law. A prosecution charging the same facts might be followed by a conviction under the state law, nor is this anywise uncommon. (*The State, ex rel., v. City of Topeka,* 36 Kan. 76, 87, 88, 12 Pac. 310.) Indeed, section 4368 of the General Statutes of 1909 makes it the duty of the judges of police courts to notify the county attorney of all facts pertaining to violations of the prohibitory law of which they may have notice or knowledge, and to furnish the names of all witnesses by whom these facts can be proven. The obvious purpose of this is that prosecutions for violations of city ordinances may be followed by prosecutions under the state law, and the state's policy of suppressing the liquor traffic be thus rendered more effective. In *The State v. Keener,* 78 Kan. 649, 97 Pac. 860, this court approved the prosecution of a police judge who had neglected this duty.

Some light as to the legislative intent may be gleaned from the statutes relating to paroles. (Gen. Stat. 1909, §§ 2460, 2464.) Section 2464 in part reads:

"Any person confined in jail under judgment of conviction before a justice of the peace, city court, but not police court, or other inferior courts, may be paroled," etc.

It will also be noted that section 2 of the act, which provides how the former conviction may be proven, omits all mention of proceedings in a police court. The section reads:

"SEC. 2. A true copy of the journal entry of judgment, or of the docket or other proper court record, showing the former conviction of the defendant from any district court, justice court, or city court, within the state of Kansas, supported by a certificate or affidavit of its authenticity, shall be *prima facie* evidence of a former conviction of the defendant."

(See, also, *The State v. Volmer*, 6 Kan. 379.)

It is clear that in this section the legislature took cognizance of the courts in this state in which violators of the prohibitory law can be prosecuted; and the motion to quash was properly sustained.

It does not appear that the want of the adverb "feloniously" in the accusatory part of the information to indicate the grade of the offense was raised or considered in the district court. There have been many statutory modifications of common-law pleading, even as affecting criminal law, and it is not necessary to determine that question now. (But see *In re Stevens, Petitioner*, 52 Kan. 56, 34 Pac. 459; 22 Cyc. 330, 331, and Marshall's Kansas Intoxicating Liquor Law, § 282.)

The judgment is affirmed.