No. 48,023

STATE OF KANSAS, *Appellant,* v. RALPH W. FLOYD, JR., *Appellee.*

(544 P. 2d 1380)

Opinion filed January 24, 1976.

*Stephen E. Robison,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Keith Sanborn,* district attorney, were with him on the brief for the appellant.

*A. Jack Focht,* of Smith, Shay, Farmer and Wetta, of Wichita, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal by the state in a criminal action in which the defendant-appellee, Ralph W. Floyd, Jr., was charged in the information with illegal possession of marijuana following a previous conviction for possession of marijuana contrary to K. S. A. 1974 Supp. 65-4127b (*a*). The issue presented on this appeal requires this court to construe 65-4127b (*a*) which provides as follows:

"Manufacture, possession, disposition or sale of depressant, stimulant or hallucinogenic drugs; penalties. (*a*) Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to manufacture, possess, have under his control, prescribe, administer, deliver, distribute, dispense or compound:

"(1) Any depressant designated in subsection (*e*) of K. S. A. 65-4107, subsection (*b*) of K. S. A. 65-4109 or subsection (*b*) of K. S. A. 65-4111, and any amendments thereto;

"(2) Any stimulant designated in subsection (*d*) of K. S. A. 65-4107 or subsection (*d*) of K. S. A. 65-4109, and any amendments thereto;

"(3) Any hallucinogenic drug designated in subsection (*d*) of K. S. A. 65-4105; or

"(4) Any substance designated in subsection (c) of K. S. A. 65-4111, and any amendments thereto.

"Any person who violates this subsection shall be guilty of a class A misdemeanor, except that upon conviction for a second or subsequent offense, such person shall be guilty of a class D felony.

. . . ."

This statute is a 1974 amendment to the Uniform Controlled Substances Act which in 1972 was enacted to replace the Uniform Narcotic Drug Act (K. S. A. 65-2501 through 65-2522 [Corrick 1964]) and the act pertaining to Hypnotic, Somnifacient or Stimulating Drugs (K. S. A. 65-2601 through 65-2607 [Corrick 1964].) The specific question of law to be determined is whether a conviction for possession of marijuana under an ordinance of the city of Wichita is a first or prior conviction within the contemplation of K. S. A. 1974 Supp. 65-4127b (a) so as to make a subsequent conviction for possession of marijuana under that subsection a class D felony rather than a class A misdemeanor.

Following the filing of information in the district court of Sedgwick county, the case was set for a preliminary examination pursuant to K. S. A. 22-2901 (2) before the district judge sitting as a magistrate. The parties agreed to submit the case to the district judge on an agreed statement of facts which is as follows:

"1. On October 10, 1974, Wichita Police Detective Gary Ralston seized seven plastic bags containing a green botanical substance from an automobile being driven and solely occupied by the defendant. The bags were in a console between the front seats.

"2. The green botanical substance in these plastic bags was examined and tested by Joseph M. Dandurand, a forensic chemist employed by the Wichita Police Department. In Mr. Dandurand's expert opinion, the green botanical substance is Cannabis Sativa L. containing tetrahydrocannabinols.

"3. The defendant was convicted on July 16, 1974, in the Municipal Court of the City of Wichita, Kansas, for possession of marijuana in violation of an ordinance of the City of Wichita, Kansas.

"4. The Municipal Court of the City of Wichita, Kansas, only has jurisdiction of ordinances enacted by the Commission of the City of Wichita and does not have jurisdiction of offenses against the laws of the State of Kansas."

At the conclusion of the preliminary hearing the district court ruled that a conviction for possession of marijuana under a Wichita city ordinance in the municipal court of the city of Wichita, Kansas, is not a first or former conviction within the contemplation of K. S. A. 1974 Supp. 65-4127b (a). The court, therefore, found that there was not probable cause to believe that the defendant had committed felony possession of marijuana in violation of 65-4127b (a). The state has appealed.

At the outset it would be helpful to examine section 5.26.020 (1974) of the Code of the City of Wichita, for a violation of which the defendant was convicted on July 16, 1974, in the municipal court. That section provides as follows:

"5.26.020 *Possession or use of certain substances or paraphernalia.* Any person in the city who has in his possession opium or any derivative thereof, cocaine, any synthetic narcotic, cannabis sativa L, otherwise known as marijuana, or any derivative thereof, hallucinogenic drugs or amphetamines or barbiturates without a prescription of a licensed physician, or as set out in the Uniform Controlled Substances Act of the state, K. S. A. 65-4101, et seq. as amended, or has in his possession any hypodermic needle, spoon, instrument or paraphernalia for use in the consumption of any of the above-mentioned substances, or any person who uses opium or any derivative thereof, synthetic narcotics, cocaine, cannabis sativa L, better known as marijuana, or any derivative thereof, hallucinogenic drugs or amphetamines or barbiturates without the prescription of a licensed physician, or as set out in the Uniform Controlled Substances Act of the state, K. S. A. 65-4101, et seq., as amended, is guilty of a misdemeanor."

A person found guilty of violating this ordinance is subject to a fine of not more than $500 or imprisonment for not more than one year or both at the discretion of the judge. (5.26.030 of the Code of the City of Wichita.)

As pointed out above the district court held that a violation of this Wichita city ordinance could not be considered as a first or prior conviction to raise the classification of a subsequent conviction for possession of marijuana under K. S. A. 65-4127b (*a*) from a class A misdemeanor to a class D felony. In our judgment the district court held correctly. K. S. A. 1974 Supp. 65-4127b (*a*) is a penal statute and, as such, is to be strictly construed. (*State v. Finley,* 199 Kan. 615, 433 P. 2d 414; *State v. Bishop,* 215 Kan. 481, 524 P. 2d 712; and *State v. Mauldin,* 215 Kan. 956, 529 P. 2d 124.)

In *State, ex rel., v. American Savings Stamp Co.,* 194 Kan. 297, 398 P. 2d 1011, we explained the rule of strict construction more specifically in the following language:

"It is a fundamental rule that penal statutes must be strictly construed in favor of the persons sought to be subjected to their operations. . . . The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. . . . Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. . . ." (p. 300.)

The rule of strict construction is to be applied in construing statutes which provide a more severe punishment for habitual criminals or subsequent offenders than for those convicted of crime

for the first time. 39 Am. Jur. 2d, Habitual Criminals and Subsequent Offenders, § 4, states the rule in the following language:

"Inasmuch as they are penal in nature and in derogation of the common law, habitual criminal statutes are strictly construed. And though enactments of this kind must be interpreted in accordance with the fair purport of their terms in a way that will effect the purpose of the legislation, if a statute admits of reasonably contradictory constructions the one most favorable to the accused should be applied." (pp. 310, 311.)

A strict construction was applied by this court to habitual criminal statutes in *State v. Marks,* 97 Kan. 147, 154 Pac. 261, where the defendant was charged as a persistent violator of the prohibitory law and also in *State v. Paxton,* 201 Kan. 353, 440 P. 2d 650, where it was held that a prior conviction by court-martial could not be used for the purpose of imposing an enhanced sentence under the habitual criminal statute, K. S. A. 21-107a.

When we apply the rule of strict construction to K. S. A. 1974 Supp. 65-4127b (*a*), it is clear that the statute does not expressly provide that a conviction under a city ordinance may be utilized as a prior conviction in order to prosecute a defendant for felony possession of marijuana. In fact, the state concedes in its brief that a literal reading of the statute would preclude the use of any conviction other than one under 65-4127b (*a*) for a felony prosecution. The general rule applied throughout the United States is that in the absence of clear statutory language a prior conviction under a city ordinance does not support a charge of a subsequent offense under a state statute. A number of the cases from other jurisdictions are contained in annotations in 58 A. L. R. 20 at page 38, 116 A. L. R. 209 at page 218, and 139 A. L. R. 673 at page 679. Typical cases which support the general rule are *State v. Parris,* (1911) 89 S. C. 140, 71 S. E. 808; *State v. Hurst,* (1922) 59 Utah 543, 205 Pac. 335; *Grimes v. State,* (1940) 236 Wis. 31, 293 N. W. 925; and *Booker v. State,* (1957, Okla. Cr.) 312 P. 2d 189. There are, of course, some variations in the results reached in the cases depending upon the specific language of the particular state statute involved.

Traditionally in Kansas a conviction under a city ordinance in a municipal court has not been considered sufficient to place the defendant in the status of a habitual or subsequent offender so as to justify the imposition of more severe criminal penalties or other sanctions. For example in the case of *State v. Marks,* supra, the defendant was charged with being a persistent violator of the state's

prohibitory law. It was alleged in the information that the defendant had been convicted in the police court of the city of Fort Scott of unlawfully selling intoxicating liquors. This court held that penal statutes must be construed strictly and that the former conviction for a violation of the prohibitory law which must be pleaded in an information charging a felony for the persistent violation of the prohibitory law relates to a conviction under the state law and not to a conviction under a city ordinance. In *City of Burlington v. Stockwell,* 1 Kan. App. 414, 41 Pac. 221, it was held that a violation of a city ordinance was not a misdemeanor, as defined by the statutes of Kansas. Later in the case of *In re Sanford,* 117 Kan. 750, 232 Pac. 1053, it was held that a violation of a city ordinance was not within the provisions of a statute requiring disbarment in the event an attorney was convicted of a misdemeanor involving moral turpitude.

Absent a clear expression of legislative intent the rule of strict construction requires us to hold that a conviction under a city ordinance cannot be used as a basis for an enhanced penalty for a subsequent violation of a state statute. City ordinances may vary widely in their provisions and in the scope of their application. They often cover acts which are not within the coverage of the state statute. We note for example that § 5.26.020 of the Wichita code under which the defendant was convicted in this case in municipal court prohibits among other things the *use* of certain drugs and the possession of paraphernalia, neither of which is prohibited by the state statute. The danger of using a prior conviction under a municipal code is that an act not prohibited by state law might be utilized to cause an offender to be charged with a felony in a prosecution under the state statute. For the reasons set forth above we hold that a conviction for possession of marijuana under an ordinance of the city of Wichita is not a first or prior conviction within the contemplation of K. S. A. 1974 Supp. 65-4127b (*a*) so as to make a subsequent conviction for possession of marijuana under that subsection a class D felony rather than a class A misdemeanor. Hence the district judge did not err in discharging the defendant for the reason that there was not probable cause to believe that the defendant had committed felony possession of marijuana contrary to that statute.

The judgment of the district court is affirmed.