(900 P.2d 245)

No. 71,786

STATE OF KANSAS, *Appellee*, v. PATRICK WILLIAM DUNN, *Appellant.*

—

Opinion filed July 28, 1995.

*Benjamin C. Wood*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Scott C. Rask*, assistant county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., LEWIS and GREEN, JJ.

LEWIS, J.: Defendant entered a plea of guilty to one count of sale of cocaine and was sentenced under the Kansas Sentencing Guidelines Act (KSGA) to a term of 42 months' incarceration. Defendant appeals from the sentence imposed and the criminal history category in which he was placed.

Defendant's criminal history was determined to be category "C." This category was reached by including in his criminal history a municipal conviction for stalking. Defendant argues that a municipal conviction cannot be used in computing his criminal history category. This is an important issue because if the municipal conviction is excluded, his criminal history category would be downgraded to category "F" and his term of incarceration would be presumptively 16 months less.

Although defendant raises two issues concerning the municipal conviction, we consider the essential issue to be whether a municipal court conviction can be included in a criminal history score prior to July 1, 1994. We answer that question in the negative.

In 1993, defendant was convicted of stalking as that offense was defined by the ordinances of the City of Parsons. The conviction took place in Parsons Municipal Court. The record on appeal does not contain either a copy of the ordinance or a journal entry of the conviction. Under state law, stalking is defined by K.S.A. 1993 Supp. 21-3438 and is a class B person misdemeanor. There is no claim on appeal that the Parsons ordinance is not comparable with 21-3438. We will assume, therefore, that for all intents and purposes, stalking as defined by 21-3438 is the same crime that is defined as stalking by the municipal ordinances of the City of Parsons.

K.S.A. 1993 Supp. 21-4711(a) provides in part: "Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes."

Defendant arrived at criminal history category C because he had three prior person misdemeanors which, under the statute quote above, were rated as one person felony for criminal history purposes. If the stalking conviction cannot be used for criminal history purposes, defendant then has only two prior person misdemeanors and no person felonies in his criminal history.

K.S.A. 1993 Supp. 21-4710(d)(7) provides: "All class A misdemeanor convictions, class B person misdemeanors and class B select nonperson misdemeanors shall be considered and scored. Class C misdemeanors will not be considered and scored."

The 1994 legislature amended the statute as follows: "All ~~class A misdemeanor convictions,~~ ~~class~~ B person misdemeanors, *class A nonperson misdemeanors* and class B select nonperson misdemeanors, *and all municipal ordinance and county resolution violations comparable to such misdemeanors,* shall be considered and

scored. ~~Class C misdemeanors will not be considered and scored.~~" L. 1994, ch. 291, § 54(d)(7).

The 1994 amendment makes it clear that a municipal ordinance conviction which is comparable to a state misdemeanor is to be considered in arriving at a defendant's criminal history. That amendment does not apply in the instant matter.

At the time defendant committed the crime for which he stands convicted, the 1993 version of 21-4710(d)(7) was in effect. It is under that statute that defendant's criminal history must be compiled and his sentence determined. "The fundamental rule of sentencing is that a person convicted of a crime is given the sentence in effect when the crime was committed." *State v. Fierro*, 257 Kan. 639, Syl. ¶ 3, 895 P.2d 186 (1995).

We must construe the 1993 version of 21-4710(d)(7) in order to resolve the issue now under consideration. The construction of a statute is a question of law over which our review is unlimited. *State v. Colston*, 20 Kan. App. 2d 107, 110, 883 P.2d 1231 (1994).

It is clear that in 1993 the statute did not expressly include municipal convictions in detailing what misdemeanors should be considered and scored. In order to include municipal convictions, we would be required to construe the statute as saying something which it does not clearly and expressly state. Such a construction would be contrary to the rule of strict construction which we are to apply in cases of this nature. Our criminal statutes are to be construed strictly against the State. *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993).

In the final analysis, we believe this case is controlled by the logic of *State v. Floyd*, 218 Kan. 764, 544 P.2d 1380 (1976). In that case, defendant was charged with possession of marijuana after having once been previously convicted of that crime. The first conviction was in municipal court. The Supreme Court indicated that the issue was as follows:

"The specific question of law to be determined is whether a conviction for possession of marijuana under an ordinance of the city of Wichita is a first or prior conviction within the contemplation of K.S.A. 1974 Supp. 65-4127b(*a*) so as to make a subsequent conviction for possession of marijuana under that subsection a class D felony rather than a class A misdemeanor." 218 Kan. at 765.

The Supreme Court answered that question in the negative. In doing so, the court stated the following rule:

"[T]he district court held that a violation of this Wichita city ordinance could not be considered as a first or prior conviction to raise the classification of a subsequent conviction for possession of marijuana under K.S.A. 65-4127b(*a*) from a class A misdemeanor to a class D felony. In our judgment the district court held correctly. K.S.A. 1974 Supp. 65-4127b(*a*) *is a penal statute and, as such, is to be strictly construed. (State v. Finley,* 199 Kan. 615, 433 P.2d 414; *State v. Bishop,* 215 Kan. 481, 524 P.2d 712; *State v. Mauldin,* 215 Kan. 956, 529 P.2d 124.)

"In *State ex rel., v. American Savings Stamp Co.,* 194 Kan. 297, 398 P.2d 1011, we explained the rule of strict construction more specifically in the following language:

'It is a fundamental rule that penal statutes must be strictly construed in favor of the persons sought to be subjected to their operations. . . . The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. . . . *Such a statute should not be read as to add that which is not readily found therein* or to read out what as a matter of ordinary English language is in it. . . .' (p. 300.)" (Emphasis added.) 218 Kan. at 766.

The court applied the rule of strict construction and went on to say:

"When we apply the rule of strict construction to K.S.A. 1974 Supp. 65-4127b(*a*), it is clear that the statute does not expressly provide that a conviction under a city ordinance may be utilized as a prior conviction in order to prosecute a defendant for felony possession of marijuana. In fact, the state concedes in its brief that a literal reading of the statute would preclude the use of any conviction other than one under 65-4127b(*a*) for a felony prosecution. The general rule applied throughout the United States is that in the absence of clear statutory language a prior conviction under a city ordinance does not support a charge of a subsequent offense under a state statute. A number of the cases from other jurisdictions are contained in annotations in 58 A.L.R. 20 at page 38, 116 A.L.R. 209 at page 218, and 139 A.L.R. 673 at page 679. Typical cases which support the general rule are *State v. Parris,* (1911) 89 S. C. 140, 71 S. E. 808; *State v. Hurst,* (1922) 59 Utah 543, 205 Pac. 335; *Grimes v. State,* (1940) 236 Wis. 31, 293 N. W. 925; and *Booker v. State,* (1957, Okla. Cr.) 312 P.2d 189. There are, of course, some variations in the results reached in the cases depending upon the specific language of the particular state statute involved.

"Traditionally in Kansas a conviction under a city ordinance in a municipal court has not been considered sufficient to place the defendant in the status of a habitual or subsequent offender so as to justify the imposition of more severe criminal penalties or other sanctions. For example in the case of *State v. Marks,* supra, the defendant was charged with being a persistent violator of the state's prohibitory

law. It was alleged in the information that the defendant had been convicted in the police court of the city of Fort Scott of unlawfully selling intoxicating liquors. This court held that penal statutes must be construed strictly and that the former conviction for a violation of the prohibitory law which must be pleaded in an information charging a felony for the persistent violation of the prohibitory law relates to a conviction under the state law and not to a conviction under a city ordinance. In *City of Burlington v. Stockwell*, 1 Kan. App. 414, 41 Pac. 221, it was held that a violation of a city ordinance was not a misdemeanor, as defined by the statutes of Kansas. Later in the case of *In re Sanford*, 117 Kan. 750, 232 Pac. 1053, it was held that a violation of a city ordinance was not within the provisions of a statute requiring disbarment in the event an attorney was convicted of a misdemeanor involving moral turpitude.

"Absent a clear expression of legislative intent the rule of strict construction requires us to hold that a conviction under a city ordinance cannot be used as a basis for an enhanced penalty for a subsequent violation of a state statute. City ordinances may vary widely in their provisions and in the scope of their application. They often cover acts which are not within the coverage of the state statute. We note for example that § 5.26.020 of the Wichita code under which the defendant was convicted in this case in municipal court prohibits among other things the *use* of certain drugs and the possession of paraphernalia, neither of which is prohibited by the state statute. The danger of using a prior conviction under a municipal code is that an act not prohibited by state law might be utilized to cause an offender to be charged with a felony in a prosecution under the state statute. For the reasons set forth above we hold that a conviction for possession of marijuana under an ordinance of the city of Wichita is not a first or prior conviction within the contemplation of K.S.A. 1974 Supp. 65-4127b(*a*) so as to make a subsequent conviction for possession of marijuana under that subsection a class D felony rather than a class A misdemeanor. Hence the district judge did not err in discharging the defendant for the reason that there was not probable cause to believe that the defendant had committed felony possession of marijuana contrary to that statute.

"The judgment of the district court is affirmed." 218 Kan. at 767-68.

*Floyd* stands not only for the rule of strict construction, but also holds that absent a clear expression of legislative intent, a conviction under a city ordinance cannot be used as a basis for an enhanced penalty for a subsequent violation of a state statute. In this case, there is no such clear legislative intent in the 1993 version of the statute. Defendant's sentence was certainly enhanced by the use of the municipal conviction in his criminal history, and such use violates the rule established by *Floyd*.

We hold that K.S.A. 1993 Supp. 21-4710(d)(7) does not permit the use of a municipal conviction in computing a defendant's criminal history. For that reason, we vacate defendant's sentence and remand the matter with instructions to the trial court to recompute defendant's criminal history score and to impose a proper sentence consistent with this opinion.

Defendant has·also raised the issue that the stalking conviction was uncounseled and, for that reason, it may not be used to compute his criminal history score. Since we have vacated defendant's sentence, remanded the matter for resentencing, and excluded the conviction in question, the issue raised by defendant is moot and we do not reach that issue. In closing, we note that we held in *Paletta v. City of Topeka*, 20 Kan. App. 2d 859, 893 P.2d 280 (1995), that an uncounseled conviction could be used to enhance a defendant's sentence if no imprisonment had been imposed under that conviction. Our decision in *Paletta* is still subject to a petition for review filed in the Supreme Court. Since the issue is moot in this court, *Paletta* is of no consequence, and we simply note its existence.

Sentence vacated and case remanded.