(924 P.2d 647)

No. 76,182

STATE OF KANSAS, *Appellee*, v. JIMMIE D. GRAY, *Appellant*.

Opinion filed September 27, 1996.

*Janine Cox*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Gary L. Foiles*, assistant county attorney, *Rodney H. Symmonds*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, C.J., PIERRON and ROYSE, JJ.

PIERRON, J.: Jimmie D. Gray was convicted of the April 2, 1994, theft of property of a value of under $500. This charge was enhanced to a felony because of Gray's two prior municipal court convictions for theft. The municipal ordinance violated by Gray defined theft in the same manner as the applicable statute, K.S.A. 1993 Supp. 21-3701.

Effective July 1, 1993, the legislature amended K.S.A. 21-3701 by deleting the following paragraph:

"Conviction of a violation of a municipal ordinance prohibiting acts which constitute theft . . . shall be considered a conviction of theft for the purpose of determining the number of prior convictions and the classification of the crime under this section." See L. 1992, ch. 298, § 39.

On appeal, Gray contends that because of the 1992 amendment, the municipal conviction should not have been used to enhance his crime to a felony. He further argues that the criminal statute must be strictly construed against the State. The State maintains there is no need for construction of K.S.A. 1993 Supp. 21-3701 because it is not ambiguous and that the paragraph in issue was

deleted not out of a desire to change the law, but because the language was surplusage.

Absent a clear expression of legislative intent, a conviction under a city ordinance cannot be used as a basis for an enhanced penalty for a subsequent violation of a similarly worded state statute. *State v. Dunn*, 21 Kan. App. 2d 359, 363, 900 P.2d 245 (1995). The applicable statute contains no statement concerning the use or consideration of municipal theft convictions. The absence of any reference at all cannot be considered a clear expression of legislative intent. It was error for Gray's municipal convictions to be used to enhance his crime to a felony.

Sentence vacated and case remanded.