(942 P.2d 42)

No. 75,518

STATE OF KANSAS, *Appellee*, v. TOMAS VEGA-FUENTES, *Appellant*.

Opinion filed July 11, 1997.

*Randall Hodgkinson* and *Thomas W. Bartee*, assistant appellate defenders, *Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Scott M. Schultz*, assistant county attorney, *John P. Wheeler, Jr.*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before PIERRON, P.J., ROGG, S.J., and DAN D. BOYER, District Judge, assigned.

BOYER, J.: Tomas Vega-Fuentes, defendant, appeals from the sentence imposed for two counts of possession of cocaine with intent to sell. We vacate the sentence and remand.

On May 15, 1995, defendant pled no contest to two counts of possession of cocaine with intent to sell. The factual basis for the pleas showed the crimes were committed on August 1, 1994. The trial court ordered a presentence investigation (PSI) report and set sentencing for July 28, 1995. The PSI report indicated that defendant's criminal history included two prior misdemeanor convictions and three prior municipal ordinance violations. One misdemeanor conviction was for battery, a person crime. One municipal ordinance violation was for battery and another was for assault on a

law enforcement officer, also person crimes. These three convictions or violations were converted to one person felony pursuant to K.S.A. 1994 Supp. 21-4711(a), giving defendant a criminal history category of D.

Defendant filed written objections to his criminal history as determined in the PSI report, contesting identity and arguing that prior municipal ordinance violations should not be scored in criminal history. In order to give the parties time to prepare for an evidentiary hearing on the criminal history issues raised by defendant, the trial court continued sentencing until September 21, 1995. At that hearing, the State presented certified copies of the uniform notice to appear and complaint issued in each municipal case. The State also called the arresting officer in each case to testify regarding defendant's identity. After hearing argument, the trial court denied defendant's objection to the use of the municipal violations in criminal history and found his criminal history category was D.

Defendant's primary argument on appeal is that the trial court erred in scoring his prior municipal ordinance violations for criminal history purposes. This issue involves the interpretation of the sentencing guideline statutes. Statutory interpretation is a question of law over which this court has unlimited review. *Phillpot v. Shelton*, 19 Kan. App. 2d 654, 657, 875 P.2d 289, *rev. denied* 255 Kan. 1003 (1994).

K.S.A. 1994 Supp. 21-4710 sets forth the types of prior convictions which are to be scored in determining a defendant's criminal history category. Under that statute, prior convictions include "[c]onvictions and adjudications for violations of municipal ordinances or county resolutions which are comparable to any crime classified under the state law of Kansas as a person misdemeanor, select nonperson class B misdemeanor or nonperson class A misdemeanor." K.S.A. 1994 Supp. 21-4710(a). The statute also provides: "All person misdemeanors, class A nonperson misdemeanors and class B select nonperson misdemeanors, and all municipal ordinance and county resolution violations comparable to such misdemeanors, shall be considered and scored." K.S.A. 1994 Supp. 21-4710(d)(7).

While K.S.A. 1994 Supp. 21-4710 specifically refers to municipal ordinance violations, K.S.A. 1994 Supp. 21-4711(a), which governs the aggregation of person misdemeanors, does not. K.S.A. 1994 Supp. 21-4711 provides in relevant part:

"In addition to the provisions of K.S.A. 1994 Supp. 21-4710 and amendments thereto, the following shall apply in determining an offender's criminal history classification . . . :

"(a) Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes."

Defendant argues that the above penal statutes should be construed to mean that while municipal ordinance violations may generally be scored in criminal history, they may not be aggregated to constitute a person felony. Defendant cites *State v. Floyd*, 218 Kan. 764, 544 P.2d 1380 (1976), for the premise that, absent a clear legislative intent to do so, a municipal ordinance violation cannot be used to enhance the penalty for a later violation of a statute.

A panel of this court relied on *Floyd* in deciding *State v. Dunn*, 21 Kan. App. 2d 359, 900 P.2d 245 (1995). The *Dunn* court was faced with interpreting the 1993 version of 21-4710 which, unlike the 1994 version at issue in this case, did not contain any language expressly including municipal ordinance violations as convictions which must be scored. The court explained that "[i]n order to include municipal convictions, we would be required to construe the statute as saying something which it does not clearly and expressly state." 21 Kan. App. 2d at 361. Following the reasoning of *Floyd* that criminal statutes must be strictly construed against the State, the court held that "K.S.A. 1993 Supp. 21-4710(d)(7) does not permit the use of a municipal conviction in computing a defendant's criminal history." 21 Kan. App. 2d at 363-64.

The State argues that *Dunn* authorizes the use and aggregation of municipal ordinance violations in criminal history after July 1, 1994. While *Dunn* notes that the 1994 amendments to K.S.A. 21-4710 expressly include municipal ordinance violations, *Dunn* is not authority for the State's argument that municipal ordinance violations may be aggregated after July 1, 1994. The *Dunn* court

only discussed the aggregation statute, 21-4711(a), to explain why the defendant's criminal history was so drastically affected by a single municipal ordinance violation. However, the issue of whether municipal ordinance violations could be aggregated after July 1, 1994, was not before the *Dunn* court.

Therefore, this issue appears to be one of first impression. We must rely simply upon principles of statutory construction in resolving the issue. The fundamental rule of statutory construction is that the intent of the legislature governs where that intent can be ascertained. In ascertaining legislative intent, courts must consider the several provisions of an act *in pari materia*, construing them together and bringing them into workable harmony. Thus, in construing one part of an act, the court may look at other parts of the act. *State v. Gonzales*, 255 Kan. 243, 248, 874 P.2d 612 (1994). In support of defendant's position, criminal statutes must be strictly construed against the State. *Dunn*, 21 Kan. App. 2d at 361. Furthermore, the legislature clearly knows how to amend the statutes to include municipal ordinance violations in criminal history. If the legislature had intended that municipal ordinance violations be subject to the aggregation rule of K.S.A. 1994 Supp. 21-4711(a), it could have amended that subsection to say so.

Following the rationale of *Floyd* and *Dunn*, we conclude that K.S.A. 1994 Supp. 21-4711 does not permit the aggregation of municipal court convictions to constitute a person felony for criminal history purposes.

Defendant also argues the State failed to meet its burden of proving defendant's prior municipal ordinance violations for battery and assault on a law enforcement officer. Specifically, defendant contends that the evidence presented was insufficient because the uniform notice to appear and complaint issued in each case only showed the municipal ordinance violation for which he was cited, but did not show the municipal ordinance violation of which he was convicted.

The State has the burden of proving disputed criminal history issues. K.S.A. 1994 Supp. 21-4715(c). The use of certified or authenticated copies of journal entries of prior convictions is ordinarily the best possible evidence of criminal history. *State v. Staven,*

19 Kan. App. 2d 916, 918, 881 P.2d 573 (1994). Whether the State has met its burden of proof is a question of fact, and appellate review is limited to determining whether substantial competent evidence supports the trial court's findings. *State v. Hankins*, 19 Kan. App. 2d 1036, 1049, 880 P.2d 271 (1994).

The first uniform notice to appear and complaint cites defendant with battery and lists a fine of $100. On the reverse side of the notice, under "Record of Court Action," a box is checked indicating that defendant pled guilty and was fined $100 plus costs. The back of the form does not, however, list the charge to which defendant pled guilty.

The second uniform notice to appear and complaint cites defendant with disorderly conduct and assault on a law enforcement officer and lists respective fines of $100 and $200. On the reverse side of the notice, under "Record of Court Action," a box is checked indicating that defendant pled no contest to two different charges. He was fined $100 on one charge and $200 on the other, plus costs. Again, the back of the form does not list the charges to which defendant pled no contest.

Under these circumstances, where all of the information regarding the citation, plea, and fine is contained in one document, and the fines listed on the front and back of each form are the same, it is reasonable to conclude that defendant pled guilty or no contest and was convicted of violating the ordinance noted on the front of the notice. The two notices constitute substantial competent evidence to support the trial court's ruling that defendant had prior municipal ordinance violations for battery and assault on a law enforcement officer.

In light of our conclusions regarding K.S.A. 1994 Supp. 21-4711, it is unnecessary to consider other sentencing issues raised by defendant.

Sentence vacated and case remanded.