No. 75,518

STATE OF KANSAS, *Appellee*, v. TOMAS VEGA-FUENTES, *Appellant*.

(955 P.2d 1235)

Opinion filed March 6, 1998.

*Lisa Nathanson*, assistant appellate defender, argued the cause, and *Thomas W. Bartee*, assistant appellate defender, *Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the briefs for appellant.

*Scott M. Schultz*, assistant county attorney, argued the cause, and *John P. Wheeler, Jr.*, county attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This case comes before us upon petition for review and presents the question of whether appropriate municipal ordinance violations can be aggregated to constitute a person felony for criminal history purposes under K.S.A. 1994 Supp. 21-4711(a). We hold, contrary to the decision of the Court of Appeals in *State v. Vega-Fuentes*, 24 Kan. App. 2d 93, 96, 942 P.2d 42 (1997), that appropriate municipal ordinance violations can be aggregated under K.S.A. 1994 Supp. 21-4711(a).

The defendant pled no contest to two counts of possession of cocaine with intent to sell. According to the factual basis set out for the pleas, the crimes were committed August 1, 1994. The trial court ordered a presentence investigation (PSI) report and set sentencing for July 28, 1995.

The defendant's PSI report indicated that he had two prior misdemeanor convictions, one for theft and one for battery, as well as three prior convictions for violations of municipal ordinances, one for battery, one for disorderly conduct in a club/tavern, and one for assault on a law enforcement officer. The misdemeanor battery, municipal ordinance battery violation, and municipal ordinance assault on a law enforcement officer violation were aggregated and converted to a one-person felony for purposes of criminal history pursuant to K.S.A. 1994 Supp. 21-4711(a). Thus, the defendant's criminal history was scored as category D.

The defendant filed objections to his criminal history, contesting identity and arguing that his prior municipal ordinance violations should not be scored as criminal history. Specifically, the defendant argued that the two municipal ordinance violations could not be aggregated with his misdemeanor conviction under K.S.A. 1994 Supp. 21-4711(a) to establish a one-person felony. Without aggregation, the defendant's criminal history category would be H.

The presumptive sentence for an offender in grid block 3-D of the drug grid is imprisonment for 23 to 36 months. The presumptive sentence for an offender in grid block 3-H of the drug grid is imprisonment for 17 to 19 months. On a motion of the defendant, sentencing was continued to allow for an evidentiary hearing regarding his objections.

Following the evidentiary hearing, the trial court overruled the defendant's objections and found that the defendant's criminal history was category D. The defendant moved to withdraw his no contest plea, which motion was denied. The defendant then asked to be allowed to file a request for durational departure. The district court refused to allow the filing of the request, noting that the defendant was aware from the PSI report that his criminal history, absent any changes from the hearing, would be category D, and the request was not timely under the circumstances.

The defendant was sentenced to concurrent terms of 34 months on both counts of possession of cocaine with intent to sell, followed by a 24-month post-release supervision period. The court informed the defendant that he would be eligible for up to 15% of good time credit. The defendant objected to the amount of good time credit, noting that because the crime occurred prior to April 20, 1995, the 20% good time credit should apply. The district court stated that it would let the Secretary of Corrections decide the good time credit issue.

The defendant appealed, raising the following issues before the Court of Appeals: (1) The district court erred in scoring the defendant's prior municipal court violations for the purposes of criminal history and in aggregating the two person municipal ordinance violations with the person misdemeanor to make one felony conviction; (2) the Due Process Clause forbids the judicial enlargement of the plain language of K.S.A. 1994 Supp. 21-4711(a); (3) the district court erred in finding that the defendant had been convicted of the municipal ordinances; (4) the district court had erroneously precluded the defendant from filing a motion for departure; (5) the defendant was denied his right to allocution, and (6) the Ex Post Facto Clause prohibits the retroactive application of the 15% good time credit.

On the issue of whether the district court erred in aggregating the defendant's convictions for violations of municipal ordinances, the Court of Appeals concluded that while convictions for the violation of municipal ordinances become part of criminal history, they may not be aggregated to constitute a person felony for criminal history purposes under K.S.A. 1994 Supp. 21-4711. As a result,

the Court of Appeals vacated the defendant's sentence and remanded the case to the district court. Because of its holding, the Court of Appeals found it unnecessary to address the other alleged errors raised except for the defendant's contention that the State had failed to prove his municipal court convictions for battery and assault on a law enforcement officer. The Court of Appeals held that the district court had not erred in finding that the violations had been proven. 24 Kan. App. 2d at 96-97.

We granted the State's petition for review on the sole issue of whether appropriate municipal ordinance violations could be aggregated to constitute a felony for criminal history purposes under the provisions of K.S.A. 1994 Supp 21-4711(a). This question is one involving the interpretation of the Kansas Sentencing Guidelines Act (KSGA). The interpretation of the KSGA is a question of law, and this court's scope of review is unlimited. *State v. Miller*, 260 Kan. 892, 895, 926 P.2d 652 (1996).

K.S.A. 1994 Supp. 21-4710(d)(7) provides: "All person misdemeanors, class A nonperson misdemeanors and class B select nonperson misdemeanors, *and all municipal ordinance and county resolution violations comparable to such misdemeanors*, shall be considered and scored." (Emphasis added.)

K.S.A. 1994 Supp. 21-4711, in pertinent part, provides:

"In addition to the provisions of K.S.A. 1994 Supp. 21-4710 and amendments thereto, the following shall apply in determining an offender's criminal history classification . . . .

"(a) Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes."

The Court of Appeals reasoned that while K.S.A. 1994 Supp. 21-4710 specifically refers to municipal ordinance violations, K.S.A. 1994 Supp. 21-4711(a) does not expressly mention such violations. 24 Kan. App. 2d at 95. It noted that the legislature knows how to amend the KSGA to include municipal ordinance violations in criminal history, and if it intended those violations to be subject to the aggregation rule it could have said so. 24 Kan. App. 2d at 96. Accordingly, the Court of Appeals concluded: "Following the

rationale of [*State v. Floyd*, 218 Kan. 764, 544 P.2d 1380 (1976),] and [*State v. Dunn*, 21 Kan. App. 2d 359, 900 P.2d 245 (1995),] we conclude that K.S.A. 1994 Supp. 21-4711 does not permit the aggregation of municipal court convictions to constitute a person felony for criminal history purposes." 24 Kan. App. 2d at 96.

The fundamental rule of statutory construction is that the intent of the legislature governs when that intent can be ascertained from the statute. *State v. Roderick*, 259 Kan. 107, 110, 911 P.2d 159 (1996). The general rule is that criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Taylor*, 262 Kan. 471, 478, 939 P.2d 904 (1997); *Roderick*, 259 Kan. at 110. In construing statutes and determining legislative intent, several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony if possible. *State v. Le*, 260 Kan. 845, 847-48, 926 P.2d 638 (1996).

The provisions of the KSGA in this case, K.S.A. 1994 Supp. 21-4710 and K.S.A. 1994 Supp. 21-4711, are to be construed together as part of an overall statutory scheme to determine criminal history classification. K.S.A. 1994 Supp. 21-4711 plainly states that its provisions are to be used "[i]n addition to the provisions of K.S.A. 1994 Supp. 21-4710 and amendments thereto" in determining criminal history. When these two statutes are construed together, it becomes evident that the legislature intended that violations of municipal ordinances be considered in the same manner as misdemeanors. K.S.A. 1994 Supp. 21-4710(d)(7) directs that all person misdemeanors, select nonperson misdemeanors, *and violations of municipal ordinances* and county resolutions comparable to those misdemeanors be considered and scored.

Although K.S.A. 1994 Supp. 21-4711(a) does not specifically include language stating that violations of municipal ordinances or county resolutions are included in the definition of misdemeanors, K.S.A. 1994 Supp. 21-4710(d)(7) mandates that such convictions be scored in the same manner as misdemeanors. It is, therefore,

not essential to the meaning and intent of the legislature that municipal ordinances be specifically listed in K.S.A. 1994 Supp. 21-4711(a). Including such language in every statute in the KSGA would be redundant. For example, K.S.A. 1994 Supp. 21-4709, which details the different possible criminal history categories, lists criminal history categories according to the number and type of felony and/or misdemeanor convictions required for each specific category. No mention is made of municipal ordinance violations; yet, it would make little sense to conclude that such violations are not intended to be treated as their equivalent misdemeanors in calculating criminal history. When K.S.A. 1994 Supp. 21-4711(a) is read in conjunction with K.S.A. 1994 Supp. 21-4710(d)(7), municipal ordinance violations which are comparable to misdemeanors are to be treated as those misdemeanors for purposes of classification and aggregation.

In *State v. Dunn*, 21 Kan. App. 2d 359, 900 P.2d 245 (1995), the Court of Appeals determined that because the 1993 version of 21-4710 did not expressly include municipal convictions in detailing what misdemeanors should be considered and scored, a municipal ordinance conviction could not be aggregated with two misdemeanor convictions under the 1993 version of 21-4711. 21 Kan. App. 2d at 361. K.S.A. 1994 Supp. 21-4710(a) expressly includes municipal ordinance violations.

In *State v. Floyd*, 218 Kan. 764, 544 P.2d 1380 (1976), this court determined that absent a clear expression of legislative intent, a conviction under a municipal ordinance could not be used as a basis for an enhanced penalty for a subsequent violation of a state statute. One of the reasons given for this prohibition was that municipal ordinances may vary widely in their provisions and in the scope of their application. See 218 Kan. at 768. This same rationale does not apply in this case because K.S.A. 1994 Supp. 21-4710(d)(7) specifically requires that the municipal ordinance violation be comparable to state misdemeanors.

*Floyd* and *Dunn* do stand for the proposition that generally, absent a clear expression of legislative intent, a conviction under a municipal ordinance cannot be used as a basis for an enhanced penalty for a subsequent conviction of a state statute. See 218 Kan.

at 768; 21 Kan. App. 2d at 363. The decisions of *Dunn* and *Floyd* do not require a holding that violations of municipal ordinances cannot be used for aggregation purposes under K.S.A. 1994 Supp. 21-4711(a). Construing K.S.A. 1994 Supp. 21-4710(d)(7) and K.S.A. 1994 Supp. 21-4711(a) together, as this court is bound to do, reveals a clear expression of legislative intent that violations of municipal ordinances are to be treated as comparable misdemeanors for purposes of calculating criminal history, including aggregation under K.S.A. 1994 Supp. 21-4711(a).

Contrary to the defendant's arguments, this interpretation does not constitute a "judicial enlargement" of K.S.A. 1994 Supp. 21-4711(a). The defendant argued before the Court of Appeals that interpreting K.S.A. 1994 Supp. 21-4711(a) to allow the use of convictions for violations of municipal ordinances for aggregation purposes would amount to an unforeseeable judicial enlargement which could not be applied retroactively to him without violating due process. The United States Supreme Court has held that the unforeseen retroactive judicial expansion of narrow and precise statutory language may cause an ex post facto violation. See *Bouie v. City of Columbia*, 378 U.S. 347, 352-53, 12 L. Ed. 2d 894, 84 S. Ct. 1697 (1964). However, the language of K.S.A. 1994 Supp. 21-4711 indicates that it is to be read in conjunction with K.S.A. 1994 Supp. 21-4710, and it provides sufficient notice that municipal ordinance violations are subject to aggregation. There has been no expansion of the statutory language.

The Court of Appeals' decision reversing the district court in part is reversed, and the case is remanded to the Court of Appeals for further proceedings.