(74 P.3d 591)

No. 89,442

STATE OF KANSAS, *Appellee*, v. JOSHUA A. BARNES, *Appellant*.

Opinion filed August 15, 2003.

*Cory D. Riddle*, assistant appellate defender, for the appellant.

*Ellen H. Mitchell*, county attorney, and *Phill Kline*, attorney general, for the appellee.

Before RULON, C.J., ELLIOTT and LEWIS, JJ.

LEWIS, J.: Defendant Joshua A. Barnes was convicted of theft in violation of K.S.A. 2001 Supp. 21-3701(b)(3) after a bench trial on stipulated facts. Although defendant fell into a presumptive prison box for sentencing purposes, he was granted a dispositional departure and sentenced to 12 months' probation. He now appeals his conviction.

The facts which led to defendant's arrest and conviction are somewhat peculiar. It develops that defendant was employed at a Dillon's grocery store, and at least part of his duties was to accept coupons for turkeys from customers. He would scan the turkey in a way that did not charge the customer, but he would not scan the coupon at that time. He would later scan the coupons, which created an overage in his register. He would promptly take the money from the register in the amount of the overage. He did this 21 times, for a total loss of $204.

Defendant appeals his conviction, arguing the trial court erred in its interpretation of the statute.

When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have

found the defendant guilty beyond a reasonable doubt. *State v. Mason,* 268 Kan. 37, 39, 986 P.2d 387 (1999).

The statute under which defendant was convicted, K.S.A. 2002 Supp. 21-3701(b)(3), states:

"Theft of property regardless of the value from three separate mercantile establishments within a period of 72 hours as part of the same act or transaction *or* in two or more acts or transactions connected together or constituting parts of a common scheme or course of conduct is a severity level 9, nonperson felony." (Emphasis added.)

Defendant argues the statute requires that the thefts take place in three separate retail establishments. Since he only worked in one retail establishment and stole all the money from that establishment, he insists he does not fall within the perimeters of the statute. The State argues that the word "or," which we have emphasized in the statute quote above, separates the requirement of the number of mercantile establishments from the concept of a continuing crime or continuing theft. The trial court accepted the State's position that three separate establishments was not an element when the thefts were part of two or more acts or transactions connected together or constituting parts of a common scheme or course of conduct.

The outcome of this appeal depends upon our interpretation of the statute, which is a question of law, and our review is unlimited. See *State v. Engles,* 270 Kan. 530, 532-33, 17 P.3d 355 (2001).

Another rule applicable in a case of this nature is that a criminal statute must be strictly construed in favor of the accused. If there is any reasonable doubt, the meaning must be decided in favor of the accused. This rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. See *State v. McGill,* 271 Kan. 150, 154, 22 P.3d 597 (2001); *State v. Vega-Fuentes,* 264 Kan. 10, 14, 955 P.2d 1235 (1998).

The statute in question was only recently enacted. It is the State's argument that the intent was to enhance the penalty for multiple acts of theft when the value of the stolen goods does not exceed $500.

The meaning of the statute is somewhat vague and difficult to ascertain. It appears to us, however, that what the legislation created was two ways by which one can commit felony theft. One is by a theft in three separate mercantile establishments in a 72-hour period. The second form of theft is theft in two or more acts or transactions connected together or constituting parts of a common scheme or course of conduct.

Defendant obviously did not steal property from three separate mercantile establishments. He methodically stole from Dillon's, his employer, at least 21 times for a total of $204. Defendant was guilty of a level 9 nonperson felony by committing 21 acts of theft under circumstances which clearly were part of a common scheme or course of conduct, the second form of theft under K.S.A. 2001 Supp. 21-3701(b)(3).

Affirmed.