NOT DESIGNATED FOR PUBLICATION

No. 120,508

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRELL L. ROBINSON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed November 8, 2019. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

PER CURIAM: After the district court revoked his probation, Jerrell L. Robinson appealed. He does not challenge the revocation. He argues only—for the first time on appeal—that the district court erred by aggregating three prior violations of a municipal ordinance prohibiting domestic battery into a person felony when calculating his criminal history score.

In *State v. Vega-Fuentes*, 264 Kan. 10, 15, 955 P.2d 1235 (1998), the Kansas Supreme Court held that "municipal ordinance violations which are comparable to

1

misdemeanors are to be treated as those misdemeanors for purposes of classification and aggregation."

Robinson does not dispute the existence of his prior municipal ordinance violations, nor does he argue that those violations are not comparable to misdemeanor convictions for domestic battery under Kansas state law. Misdemeanor domestic battery in Kansas is either a class A or a class B person misdemeanor, and K.S.A. 2018 Supp. 21-6811(a) requires that when calculating an offender's criminal history score, three class A or class B person misdemeanors are aggregated to count for one person felony. Under *Vega-Fuentes*, Robinson's municipal violations were properly treated as misdemeanor domestic battery convictions. Thus, the district court did not err by aggregating Robinson's three prior municipal violations into one person felony when calculating his criminal history score.

Affirmed.