NOT DESIGNATED FOR PUBLICATION

No. 120,574

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK ANTHONY MARTINEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed April 24, 2020. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and MCANANY, S.J.

LEBEN, J: Convicted of two counts of aggravated indecent solicitation of a child, Mark Martinez appeals the sentence he received. He argues that the district court incorrectly considered the effect of two misdemeanor convictions he had received in Wichita municipal court. That was significant because Martinez' presumptive sentence is based in part on his past convictions.

Martinez argues that there's no statutory authority to consider municipal-court convictions in the way it was done here. But the Kansas Supreme Court approved similar

consideration of municipal convictions in *State v. Russ*, 309 Kan. 1240, 443 P.3d 1060 (2019), and we find no error here.

To put Martinez' argument in context, we must set out some of the basic rules of the Kansas Sentencing Guidelines Act. A defendant's presumptive sentence is based on two factors: the severity of the current offense and the criminal-history score of the defendant. See K.S.A. 2018 Supp. 21-6804(a) (containing the sentencing grid for nondrug crimes); K.S.A. 2018 Supp. 21-6805(a) (containing the sentencing grid for drug crimes). Severity levels range from levels 1 (the most serious) to 10 (the least serious felony level). Criminal-history scores range from I (no criminal history or one misdemeanor) to A (three or more person felonies). See K.S.A. 2018 Supp. 21-6809; K.S.A. 2018 Supp. 21-6804(a).

Martinez' appeal is about the calculation of his criminal-history score. To calculate that score, a court lists all of the defendant's past convictions and then classifies each conviction in various ways. One is whether it is a felony or a misdemeanor offense; felonies are weighted more heavily and lead to higher presumptive sentences. Crimes that cause physical or emotional harm to another person are generally person offenses; they too are weighted more heavily, while crimes that damage property are nonperson offenses and are weighted less heavily. See *State v. Keel*, 302 Kan. 560, 574-75, 357 P.3d 251 (2015).

Another rule for calculating the criminal-history score is central to this appeal: every three prior convictions of Class A and Class B person misdemeanors are combined to count as a single person felony. K.S.A. 2018 Supp. 21-6811(a). Martinez had three prior misdemeanor convictions for domestic battery—one from California (a somewhat more serious offense of infliction of corporal injury on a spouse or cohabitant) and two from the Wichita Municipal Court. The district court aggregated those three person misdemeanors and counted them as one person felony offense.

That made quite a difference in Martinez' presumptive sentence. Although he had seven prior convictions, including the ones for domestic battery, all of them had been misdemeanor offenses. Had they all been scored as misdemeanors, Martinez' criminal-history score would have been H, the second-least-serious category, and his standard presumptive guideline sentence would have been 36 months. In addition, he would have been in what's called a border box on the guideline chart. That means that although his presumptive sentence was prison, not probation, the court would have the option to grant probation without meeting the criteria for a departure sentence.

But once those three misdemeanors were converted to a felony for scoring purposes, Martinez' criminal-history score became a D, the fourth most serious of nine categories. His presumptive sentence now was prison, and the standard presumptive sentence was 52 months. The guidelines offered a range, though, from 50 to 55 months, and the district court sentenced Martinez to 55 months in prison.

That difference in Martinez' presumptive guideline sentence led to this appeal. Martinez bases his argument on part of the statute that provides the misdemeanor-aggregation rule, K.S.A. 2018 Supp. 21-6811(a). He then notes that the rule applies only to Class A or Class B person misdemeanors, that the Wichita municipal ordinances don't use a Class A/Class B distinction, and that no statute specifically talks about converting unclassified *in-state* municipal misdemeanors to Class A or Class B. Without that direction, he argues, Martinez' Wichita municipal convictions can't be considered under the misdemeanor-aggregation rule.

But Martinez' focus is too narrow. Two Kansas Supreme Court cases, along with the statutes they interpret, effectively negate his argument.

3

The first case, *State v. Vega-Fuentes*, 264 Kan. 10, 955 P.2d 1235 (1998), arose under sentencing statutes somewhat different from the ones that applied when Martinez committed his current offense in 2018. But *Vega-Fuentes* established that "the legislature intended convictions for violations of municipal ordinances to be treated in the same manner as comparable misdemeanors for purposes of calculating criminal history, including aggregation." 264 Kan. 10, Syl. ¶ 5. In support, the court relied on K.S.A. 1994 Supp. 21-4710(d)(7), which provided that municipal ordinance violations be scored based on the comparable state misdemeanor:

> "All person misdemeanors, class A nonperson misdemeanors and class B select nonperson misdemeanors, and all municipal ordinance and county resolution violations comparable to such misdemeanors, shall be considered and scored." K.S.A. 1994 Supp. 21-4710(d)(7); *Vega-Fuentes*, 264 Kan. at 13.

When we compare that statute to the one in effect when Martinez committed his offense, K.S.A. 2018 Supp. 21-6810(d)(6), we find that they are virtually identical:

> "All person misdemeanors, class A nonperson misdemeanors and class B select nonperson misdemeanors, and all municipal ordinance and county resolution violations comparable to such misdemeanors, shall be considered and scored." K.S.A. 2018 Supp. 21-6810(d)(6).

So the instruction from *Vega-Fuentes* that municipal convictions are counted "in the same manner as comparable misdemeanors . . . , including aggregation," 264 Kan. 10, Syl. ¶ 5, should still be true.

Martinez argues, though, that the statute providing for aggregation, K.S.A. 2018 Supp. 21-6811(a), doesn't specifically tell us how to determine whether a municipal conviction fits to Class A or Class B, the classes covered by the aggregation rule:

"Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes." K.S.A. 2018 Supp. 21-6811(a).

While that's true, it doesn't mean that municipal convictions aren't subject to the aggregation rule; *Vega-Fuentes* already told us they are. And K.S.A. 2018 Supp. 21-6810(d)(6), which we've already mentioned, tells us how that's done—comparability.

Comparability takes us to the second key Kansas Supreme Court case, *Russ*. In it, the court held a Wichita municipal conviction for domestic battery comparable to a state Class B misdemeanor. 309 Kan. 1243-44. In *Russ*, after noting the rules we've mentioned from K.S.A. 2018 Supp. 21-6810(a) and 21-6811(a), the court held that the defendant's Wichita municipal conviction for domestic battery was comparable to Kansas misdemeanor battery under K.S.A. 2018 Supp. 21-5413(a). And that's a Class B person misdemeanor (unless special circumstances make it Class A). K.S.A. 2018 Supp. 21-5413(g)(1).

We recognize that there's no discussion in *Russ* about the requirement that a misdemeanor conviction be Class A or Class B to be aggregated; apparently the defendant in *Russ* didn't make that exact argument. But the *Russ* court did quote the aggregation provision in K.S.A. 2018 Supp. 21-6811(a), which requires that a conviction be a Class A or Class B person misdemeanor to be aggregated. And the Wichita municipal domestic battery conviction was then found comparable to the state conviction for domestic battery, a Class B person misdemeanor, and held subject to aggregation.

Martinez has not argued that a Wichita domestic battery conviction lacks comparability to the state crime of battery. See *Russ*, 309 Kan. at 1243-44 (finding Wichita municipal domestic battery comparable to state battery offense); *State v. Perales*,

No. 119,815, 2019 WL 5089857, at \*13 (Kan. App. 2019) (unpublished opinion) (same), *petition for rev. filed* October 30, 2019. Instead, Martinez' argument is that Kansas law simply doesn't authorize aggregating municipal convictions because no statute specifically authorizes determining whether a municipal conviction is Class A or Class B. We have rejected that argument because *Vega-Fuentes* recognizes that municipal convictions count under the aggregation rule, and *Russ* shows that they can be comparable to a state offense that carries the Class A or Class B designation. In our case, as in *Russ*, the Wichita municipal conviction is comparable to a state Class B person misdemeanor; the district court properly scored the two Wichita municipal convictions, aggregating them with an out-of-state person misdemeanor conviction to count as one person felony in Martinez' criminal-history score.

We therefore affirm the district court's judgment.