IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,111

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL F. RUSS,
*Appellant.*

SYLLABUS BY THE COURT

1.
      The revised Kansas Sentencing Guidelines Act, K.S.A. 2018 Supp. 21-6801 et seq., uses prior municipal ordinance convictions when calculating a person's criminal history. Under the Act, Kansas classifies a municipal ordinance conviction as a person or nonperson offense by referring to comparable misdemeanor offenses under the Kansas criminal code. If the code does not have a comparable offense, the municipal ordinance conviction is classified as a nonperson crime.

2.
      Generally, an issue is moot when a judgment of the appellate court would be of no consequence.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 5, 2017. Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed June 28, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, was on the briefs for appellant.

1

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Michael F. Russ appeals the sentencing court's classification of his prior misdemeanor convictions for violating a City of Wichita municipal ordinance as person offenses to calculate his criminal history score. He claims a Kansas Court of Appeals panel erred by (1) looking beyond the most comparable Kansas offense, i.e., domestic battery, to analyze his Wichita municipal ordinance domestic battery convictions; and (2) declining to address as moot an issue concerning his prior conviction of failure to comply with bond restrictions. See *State v. Russ*, No. 115,111, 2017 WL 1821215, at *4 (Kan. App. 2017) (unpublished opinion). We affirm.

We hold the Wichita domestic battery ordinance is narrower than the comparable state statute, so the panel did not err when it held the district court properly classified the municipal violations as person offenses. See *State v. Wetrich*, 307 Kan. 552, 561, 412 P.3d 984 (2018) (holding that to be "comparable" under K.S.A. 2017 Supp. 21-6811(e)(3), "the out-of-state crime cannot have broader elements than the Kansas reference offense"). As to the second error claimed, we hold the panel correctly determined the issue was moot because it could have no practical effect on the outcome. See *State v. Montgomery*, 295 Kan. 837, Syl. ¶ 3, 286 P.3d 866 (2012); *State, ex rel., v. Bissing*, 210 Kan. 389, 397, 502 P.2d 630 (1972).

### FACTUAL AND PROCEDURAL BACKGROUND

Russ pleaded guilty to attempted second-degree murder, a severity level 3 person felony, for acts committed in January 2015. A presentence investigation report

2

recommended a B criminal history score. See K.S.A. 2016 Supp. 21-6809 (B criminal history score requires two person felonies). It reflected several prior convictions, including six Wichita municipal violations classified as person misdemeanors, five of which were eligible for conversion to a felony. See K.S.A. 2016 Supp. 21-6811(a) (providing every three prior convictions for class A and B person misdemeanors to be rated as a person felony).

The report further recommended aggregating two 1998 domestic battery convictions and one 1998 conviction for failure to comply with bond restrictions and converting them into one person felony. It did not convert the other two eligible convictions—a 2015 domestic battery conviction and a 2015 conviction for violation of a protective order—leaving them listed as person misdemeanor offenses. Russ did not object to the criminal history score recommendation.

The district court sentenced him to 206 months in prison, which was the mitigated presumptive sentence. See K.S.A. 2016 Supp. 21-6804(a). Russ appealed, arguing the district court erred by classifying four of his prior municipal ordinance convictions as person offenses: two 1998 domestic battery convictions, a 2015 domestic battery conviction, and his 1998 conviction for failure to comply with bond restrictions. Pertinent to our review, he claimed the domestic battery ordinances were broader than the counterpart Kansas statute.

Russ argued the Kansas domestic battery statute prohibited only battery by a family or household member against a family or household member, while the 2012 ordinance also prohibited battery between persons "in a 'dating relationship,'" and the 1996 ordinance prohibited battery among "domestic partners." Compare K.S.A. 2014 Supp. 21-5414(a), with Wichita Mun. Code § 5.10.025 (2012), and Wichita Mun. Code § 5.10.025 (1996). Implicitly relying on the simple battery statute, K.S.A. 2018 Supp. 21-

3

5413(a), the panel reasoned that "[r]egardless of the relationship between the batterer and the victim battered, a battery in Kansas is a person offense." *Russ*, 2017 WL 1821215, at *4.

The panel further held Russ' challenge to the failure-to-comply-with-bond-restrictions conviction's classification was moot. It reasoned that even if the conviction was classified differently, his criminal history score would be the same because there would be enough remaining conversion-eligible misdemeanor convictions to be aggregated and scored as a person felony. 2017 WL 1821215, at *4.

Russ petitioned for review, which this court granted. Jurisdiction is proper. K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

CLASSIFYING THE DOMESTIC BATTERY MUNICIPAL ORDINANCE VIOLATIONS

Classification of prior offenses for criminal history purposes involves interpretation of the revised Kansas Sentencing Guidelines Act, K.S.A. 2018 Supp. 21-6801 et seq., and statutory interpretation is a question of law subject to this court's unlimited review. *Wetrich*, 307 Kan. at 555. Russ argues the panel erred by affirming the sentencing court's classification of his Wichita domestic battery convictions as person misdemeanors.

Under the KSGA, when calculating a defendant's criminal history score, a sentencing court must consider and score prior "convictions and adjudications for violations of municipal ordinances . . . which are comparable to any crime classified under the state law of Kansas as a person misdemeanor, select nonperson class B

4

misdemeanor or nonperson class A misdemeanor." K.S.A. 2018 Supp. 21-6810(a). The KSGA further provides: "Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes." K.S.A. 2018 Supp. 21-6811(a).

In *Wetrich*, 307 Kan. at 562, the court held "comparable offenses" in K.S.A. 2017 Supp. 21-6811(e)(3) means "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." Similar to K.S.A. 2017 Supp. 21-6811(e)(3), the statute relevant to the current case requires the municipal ordinance convictions be "comparable" to any Kansas misdemeanor. See K.S.A. 2018 Supp. 21-6810(a). Accordingly, when the code does not have a comparable offense, the municipal ordinance conviction is classified as a nonperson crime.

Neither party mentions whether we should extend *Wetrich*'s statutory interpretation of the term "comparable offense" as used in K.S.A. 2017 Supp. 21-6811(e)(3) to the same term used in K.S.A. 2018 Supp. 21-6810(a) for scoring municipal ordinance violations. But that is the logical result for the same reason *Wetrich* adopted the identical-or-narrow rule: "further[ing] the KSGA's goal of an even-handed, predictable, and consistent application of the law across jurisdictional lines." 307 Kan. at 561-62; cf. *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) ("[A] defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending.").

Applying *Wetrich* to our case, the panel correctly held Russ' 1998 and 2015 domestic battery ordinance violations were person offenses. K.S.A. 2018 Supp. 21-5413(a) defines battery as "[k]nowingly or recklessly causing bodily harm to another person; or . . . knowingly causing physical contact with another person when done in a rude, insulting or angry manner." Considering how broadly the Kansas statute defines a simple battery, acts constituting an ordinance violation under the 2012 and 1996 versions of Wichita Mun. Code § 5.10.025 would always violate the state statute, and its violation is a person offense. See K.S.A. 2018 Supp. 21-5413(a), (g)(1). The only difference between the ordinances and the statute is the specific requirement of the relationship between the batterer and the battered, which makes the scope of the ordinance's proscribed acts narrower, not broader.

MOOTNESS

The panel correctly declined to address the matter (question/issue/claim) regarding Russ' prior conviction of failure to comply with bond restriction. See *Russ*, 2017 WL 1821215, at *4; *Bissing*, 210 Kan. at 397 (issue moot when judgment would be of no consequence). Since all three domestic batteries were properly scored as person misdemeanors, his criminal history score is certain to include a misdemeanor-conversion person felony. See K.S.A. 2018 Supp. 21-6811(a). Regardless of the failure to comply with bond restrictions' classification, Russ' criminal history score remains B. See *Sierra Club v. Moser*, 298 Kan. 22, 60, 310 P.3d 360 (2013) (declining to address issues mooted by other parts of decision); *Montgomery*, 295 Kan. 837, Syl. ¶ 3 ("An appeal will not be dismissed as moot unless it clearly and convincingly appears that the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose.").

Affirmed.

6