NOT DESIGNATED FOR PUBLICATION

No. 120,806

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAYMOND JOSEPH KNIGHTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed November 27, 2019. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, chief deputy county attorney, *Gregory T. Benefiel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and MCANANY, S.J.

PER CURIAM: Raymond Joseph Knighton appeals the summary denial of his motion for postconviction deoxyribonucleic acid (DNA) testing under K.S.A. 2018 Supp. 21-2512. Knighton argues that the district court erred by finding the testing would not produce exculpatory evidence relevant to his claim of wrongful conviction and by finding Knighton failed to show that new testing would be more accurate than the DNA evidence already admitted at his trial. Finding no error, we affirm the district court's summary denial.

1

*Factual and Procedural Background*

In 2004, a jury convicted Knighton of one count of kidnapping, two counts of rape, two counts of robbery, and one count of attempted robbery. The district court sentenced Knighton to 618 months in prison. Knighton appealed but this court affirmed his convictions and sentence. *State v. Knighton*, No. 94,441, 2006 WL 2864743 (Kan. App. 2006) (unpublished opinion).

In 2018, Knighton filed a petition for postconviction DNA testing under K.S.A. 2018 Supp. 21-2512(a). Knighton argued that the biological evidence in his case needed to be retested using the newer Y-STR DNA testing, instead of the short tandem repeat (STR) testing that had been admitted at his trial.

In its written opinion denying Knighton's motion, the district court recalled the trial testimony of forensic scientist James Newman about the testing procedure and statistical veracity of the DNA results in Knighton's case. Newman testified that only one in 90 quadrillion people would have the same DNA profile as the defendant. The district court found that the newer DNA testing Knighton wanted was *less specific* testing than what had already been done. The district court also found that since Knighton's identity was not disputed at trial and his theory of defense was that the sexual intercourse was consensual, new DNA evidence could not help to support Knighton's defense or otherwise exculpate him. The district court thus found that Knighton failed to meet the statutory requirements for postconviction DNA testing. See K.S.A. 2018 Supp. 21-2512.

Knighton timely appeals.

*Analysis*

The summary denial of a request for DNA testing under K.S.A. 21-2512 presents a question of law over which this court has unlimited review. *State v. Lackey*, 295 Kan. 816, 819, 286 P.3d 859 (2012). Statutory interpretation is also a question of law subject to unlimited review. *State v. Russ*, 309 Kan. 1240, 1242, 443 P.3d 1060 (2019).

Postconviction DNA testing is established by K.S.A. 2018 Supp. 21-2512, which states:

"(a) Notwithstanding any other provision of law, a person in state custody, at any time after conviction for . . . rape as defined by K.S.A. 21-3502, prior to its repeal, or K.S.A. 2018 Supp. 21-5503, and amendments thereto, may petition the court that entered the judgment for forensic DNA testing (deoxyribonucleic acid testing) of any biological material that:

(1) Is related to the investigation or prosecution that resulted in the conviction;

(2) is in the actual or constructive possession of the state; and

(3) was not previously subjected to DNA testing, or can be subjected to retesting with new DNA techniques that provide a reasonable likelihood of more accurate and probative results.

. . . .

"(c) The court shall order DNA testing pursuant to a petition made under subsection (a) upon a determination that testing may produce noncumulative, exculpatory evidence relevant to the claim of the petitioner that the petitioner was wrongfully convicted or sentenced."

*Knighton's Defense at Trial*

Knighton first argues that the district court improperly weighed his defense of consent against him. The district court found that Knighton failed to show, as required by subsection (c) above, that testing may produce noncumulative, exculpatory evidence

3

relevant to Knighton's claim that he was wrongfully convicted or sentenced. See K.S.A. 2018 Supp. 21-2512(c).

Knighton relies on *State v. Smith*, 34 Kan. App. 2d 368, 371, 119 P.3d 679 (2005). There, the district court had held that a prisoner's guilty plea precluded him from getting new DNA testing under K.S.A. 2004 Supp. 21-2512. The panel on appeal disagreed, finding that a guilty plea, alone, does not disqualify a defendant from seeking postconviction DNA testing. It stated two reasons for that conclusion: (1) The statute did not expressly prohibit it; and (2) the Legislature could have restricted the statute in that manner had it intended that result. 34 Kan. App. 2d at 371-72. Knighton argues that if Smith, who pleaded guilty, can get new DNA testing, then so can a prisoner whose defense to a rape charge was consent.

We are not persuaded. Here, the district court did not generally foreclose the potential remedy K.S.A. 2018 Supp. 21-2512(a) may provide inmates, as did the district court in *Smith*. Instead, the district court individually considered Knighton's defense as a reason why the requested testing would not produce noncumulative, exculpatory evidence relevant to Knighton's claim of wrongful conviction. On that issue, the *Smith* panel favors the State's position. Smith did not get new DNA testing. Because it was never disputed that Smith had engaged sexually with his victim, the court found no reason to believe "that DNA testing could assist in supporting a defense of consensual conduct or otherwise exculpate Smith." 34 Kan. App. 2d at 374. So the panel found no error in the district court's denial of new testing. 34 Kan. App. 2d at 374.

This court has consistently applied that same reasoning in similar cases. See, e.g., *State v. Cochran*, No. 119,635, 2019 WL 3759169, at *4 (Kan. App. 2019) (unpublished opinion) (affirming denial of inmate's request for DNA testing when inmate charged with rape confessed to intercourse with a 13-year-old victim), *petition for rev. filed* September 9, 2019; *State v. Payne*, No. 101,588, 2010 WL 919924, at *3 (Kan. App. 2010)

4

(unpublished opinion) (affirming denial of inmate's request for DNA testing when inmate's defense to rape charge was consent). We believe those cases were properly decided.

Additional DNA testing would not lead to exculpatory evidence or show that the sexual intercourse that admittedly occurred between Knighton and his victim was consensual rather than rape. Because K.S.A. 2018 Supp. 21-2512(c) requires a finding "that testing may produce noncumulative, exculpatory evidence relevant to the claim of the petitioner that the petitioner was wrongfully convicted or sentenced[,]" the district court did not err in considering Knighton's defense of consent in deciding whether to order additional testing. The district court correctly found that additional DNA testing would not produce noncumulative, exculpatory evidence related to Knighton's wrongful conviction or sentence.

We find it unnecessary to address Knighton's argument that a hearing was necessary so he could show that the new DNA techniques would provide a reasonable likelihood of more accurate or probative results than the testing already performed. See K.S.A. 2018 Supp. 21-2512(a)(3). Even had Knighton made that showing, he would still have to meet the requirements of K.S.A. 2018 Supp. 21-2512(c). That he cannot do.

Affirmed.